**WILSON MANAGEMENT COMPANY, Appellee,**

v.

**STAR DISTRIBUTORS COMPANY, Appellant.**

Supreme Court of Tennessee, at Jackson.

Feb. 16, 1988.

J. Alan Hanover, Hanover, Walsh, Jalenak & Blair, Memphis, for appellant.

John D. Horne, The Winchester Law Firm, Memphis, for appellee.

## OPINION

FONES, Justice.

Plaintiff-lessor sued defendant-lessee for the rent due for the balance of the term of a written lease, following lessee's abandonment of the premises, and for a reasonable attorney's fee as provided in the lease. This Court's grant of defendant's Rule 11 application was limited to the propriety of the trial judge's award of an attorney's fee of one-third of the rent due, without hearing any proof as to what would be a reasonable fee.

Defendant is a wholesale liquor distributor, and in 1965 leased premises on Manassas Street in Memphis to be used as an office and warehouse. An L & N Railroad spur track immediately joined the premises and the parties entered into a user agreement with the railroad before the term of the lease began. In 1973 the parties entered into a new lease that involved an increase in the size of the premises, an increase in the rent, and a few other changes, but was essentially the same lease agreement as the parties executed in 1965. However, the 1973 lease omitted the reference to the spur track that was contained in the 1965 lease.

In June 1979, the Interstate Commerce Commission granted L & N Railroad's petition to abandon the spur track that served the leased premises, over the objection of plaintiff and defendant. On 6 October 1980, defendant vacated the premises and notified plaintiff that the loss of the spur track made its continued use of the premises impossible and defendant paid no rent after that date.

Plaintiff brought this suit for the rent from 6 October 1980, to the end of the term, 30 June 1983, and for "reasonable attorney's fees" as provided for in paragraph twenty-eight of the written lease agreement.

A non-jury trial was held on 19 December 1985. Three witnesses testified and the transcript of the entire proceedings consists of ninety-seven pages. At the conclusion of the defendant's proof, plaintiff sought to recall one of his witnesses for rebuttal, which the trial judge denied and immediately initiated a colloquy about the issues he wanted the lawyers to address in post-trial briefs. At the end of that discussion and after deadlines for the filing of the briefs were established, the trial proceedings were concluded. No proof was

presented on the day of trial with respect to attorney's fees, but prior to calling the first witness plaintiff's attorney stated that plaintiff was suing for damages for the balance of the term to 30 June 1983, plus attorney's fees and prejudgment interest. Plaintiff's brief, filed in accord with the trial judge's direction, concluded as follows:

Wilson respectfully submits that it is entitled to judgment for breach of lease in the amount of $48,217.38, plus prejudgment interest from June 30, 1983, as well as an award of attorney's fees pursuant to the provisions of paragraph twenty-eight of the 1973 lease, in an amount to be determined by separate application, which Wilson respectfully reserves pending a ruling from the court on underlying liability.

In due course the trial judge filed a memorandum opinion wherein he held that plaintiff was entitled to recover "the balance of rent due under the lease and attorney's fees of one-third of the balance due on the rent." Judgment was thereafter entered for the sum of $48,217.38, unpaid rent, plus $16,072.46 attorney's fees. The Court of Appeals affirmed the trial court on all of the issues raised by defendant, including defendant's contentions that no award of attorney's fees should have been made in this case without proof of what would be a reasonable fee, and that the award was excessive. The Court of Appeals reversed the trial judge's denial of prejudgment interest and held that plaintiff was entitled thereto.

Defendant contends that where an award of attorney's fees is predicated upon a contractual provision calling for a "reasonable" fee, the failure to present proof on the question of what would be a reasonable fee constitutes a waiver of any fee and that the trial court's award of a fee based upon a percentage of the rent recovery was error and should be set aside.

Defendant relies upon *Cummings & Co. v. Mascari*, 55 Tenn.App. 512, 402 S.W.2d 719 (1965) and *Nu–Way Ice Cream Mach. Co. v. Pig'N Whistle*, 16 Tenn.App. 581, 65 S.W.2d 575 (1933). *Nu–Way* is the leading case for the principle asserted by defendant. It was a suit upon an installment note in connection with a conditional sales contract. The Court of Appeals dealt with the issue of attorney's fees as follows:

The note sued on provided for the payment of reasonable attorney's fees in the event the note was placed in the hands of an attorney for collection. Complainant did not introduce any evidence to prove what would be a reasonable attorney's fee. The chancellor held that 10 per cent. of the balance due on the note would be reasonable and proper, and decreed accordingly. The assignment of error by appellant on this action of the court presents the question that the chancellor was not authorized to decree any amount for attorney's fees in the absence of proof, since the note did not provide any specific amount, but merely provided for reasonable attorney's fees. We are of the opinion that this assignment of error should be sustained. If the note had provided a specific amount to be allowed and paid as attorney's fees, and the chancellor was of the opinion that that amount was reasonable, proof would have been unnecessary, since the contract showed that the item was the amount agreed upon between the parties in advance. But such is not the case that we now have. In the absence of any proof as to what would be a reasonable attorney's fee, and the failure upon the part of complainant to make any proof on that subject, we think that it stands as waived, and the chancellor was in error in fixing any amount unless there was an agreement by both parties that the chancellor could fix the amount without evidence, and no such agreement appears to have been made.

*Id.* 65 S.W.2d at 579.

*Cummings & Co. v. Mascari, supra,* involved a suit on a lease contract for the construction and rental of signs for defendant's liquor store, that contained a provision for a reasonable attorney's fee. The

trial court denied any recovery and dismissed plaintiff's lawsuit. The Court of Appeals awarded plaintiff a recovery but denied its claim for attorney's fees "because the contract provides merely for a 'reasonable attorney's fee'" and no proof was offered in the lower court as to what would constitute a reasonable attorney's fee, citing *Nu–Way v. Pig'N Whistle, supra.*

Defendant acknowledges that the Middle Section of the Court of Appeals in *Trice v. Hewgley*, 53 Tenn.App. 259, 381 S.W.2d 589 (1964) disagreed with the result reached by the Western Section of the Court of Appeals in *Nu–Way*. *Trice* also involved a reasonable fee provision in a note. Complainant offered no proof to support a reasonable fee award, but the trial court awarded an attorney's fee equal to ten percent of the recovery. The *Trice* court expressly declined to follow the holding in *Nu–Way* for two reasons. First, the court held that the opinion testimony of lawyers on the question of the reasonableness of an allowance of fees is advisory only and that it is the "discretionary prerogative of the court itself to fix the fees of solicitors in causes pending, or which have been determined by the court." 381 S.W.2d at 595. Second, the *Trice* court held that complainant had sought recovery in her complaint but through inadvertence and oversight, had failed to offer evidence on the matter, circumstances that negated a finding of an intentional relinquishment of a known right, essential to a finding of waiver.

We are not in accord with either *Trice* or *Nu–Way*.

■ We agree that where an attorney's fee is based upon a contractual agreement expressly providing for a reasonable fee, the award must be based upon the guidelines by which a reasonable fee is determined. *See United Medical Corp. v. Hohenwald Bank*, 703 S.W.2d 133 (Tenn. 1986) and *Connors v. Connors*, 594 S.W.2d 672 (Tenn.1980). The parties are entitled to have their contract enforced according to its express terms. Where they specify a

reasonable fee rather than a percentage of recovery, it is clear that they expect a court to adjudicate the issue of a reasonable fee, unless they agree upon the amount after a controversy matures. We understand that to be implicit in a part of the holding of *Nu–Way*. However, we agree with *Trice* that a finding of waiver based on lack of proof of reasonableness, under the circumstances of that case and *Nu–Way* was inappropriate. There is an additional reason for rejecting waiver of the right to a fee in those cases and the case at bar. Where the trial judge erroneously awards a fee based upon a percentage of recovery, in the absence of any proof on the issue of reasonableness, it is incumbent upon the defendant to pursue the correction of that error in the trial court by insisting upon a hearing upon that issue. Again, we agree with *Trice* that a trial judge may fix the fees of lawyers in causes pending or which have been determined by the court, with or without expert testimony of lawyers and with or without a prima facie showing by plaintiffs of what a reasonable fee would be. Obviously, the burden of proof on the question of what is a reasonable fee in any case is upon the plaintiff and plaintiff should be in a position to tender such proof. However, if a trial judge is prepared to fix a reasonable fee based upon the appropriate guidelines without first hearing plaintiff's proof, defendant must be accorded full opportunity to cross examine plaintiff's witness and present evidence on that issue.

■ In the case at bar, plaintiff requested an opportunity to present proof on the issue of a reasonable attorney's fee, in the event of a recovery by plaintiff. The trial judge filed his memorandum opinion on 22 April 1986, wherein he awarded a fee of one-third of the recovery without hearing any proof. The judgment was entered consistent with his memorandum opinion on 5 May 1986, and defendant filed a notice of appeal on 13 May 1986. No request for a hearing on the attorney's fee issue was made by defendant. In those circumstances, it would be clearly improper to hold that

plaintiff had waived its right to an attorney's fee.

We find it unnecessary to address defendant's contention that the fee awarded was excessive. Since there was no hearing on that issue, we have no record upon which to express an opinion and we are confident that the experienced trial judge will award a reasonable fee upon remand.

We are satisfied that the Court of Appeals has correctly dealt with the other issues raised by defendant and the opinion of that court is affirmed, except for the amount and basis of the attorney's fee award. This case is remanded to the trial court for a hearing for the determination and award of a reasonable attorney's fee and the entry of an appropriate final decree consistent with this opinion. Costs are adjudged against defendant.

HARBISON, C.J., and COOPER, DROWOTA and O'BRIEN, JJ., concur.