IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2001 Session

## ELLEN HOPSON BELL v. WILLIAM HALL BELL

Appeal from the Circuit Court for Greene County
No. 00-CV-469     Jean A. Stanley, Judge

### FILED DECEMBER 19, 2001

### No. E-2001-01348-COA-R3-CV

In this divorce case, the trial court awarded Ellen Hopson Bell ("Wife") an absolute divorce, and ordered William Hall Bell ("Husband") to pay one-half of her attorney's fees.[1]  Husband appeals, arguing that the trial court erred in awarding attorney's fees without a hearing.  We vacate the trial court's grant of attorney's fees and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Lawrence A. Welch, Jr., Greeneville, Tennessee, for the appellant, William H. Bell.

Sandra Lee Stanbery, Greeneville, Tennessee, for the appellee, Ellen Hopson Bell.

**OPINION**

I. *Facts*

On June 1, 2000, Wife filed a complaint seeking a divorce from Husband.  In her complaint, she sought, among other things, reasonable attorney's fees.  On February 23, 2001, following a hearing, the trial court granted Wife a divorce based on Husband's inappropriate marital conduct.  As to the issue of attorney's fees, the record reflects the following:

> THE COURT: All right, on attorney fees, I'm a little ambivalent about that, and, you know, the reason is that if, indeed, [Wife] has incurred $10,000.00 in attorney fees and she is, indeed, going to have to pay that, and this is supposition on my part, and then [Husband]

---

[1]The trial court made other decrees, none of which are relevant to the issue upon which we decide this case.

has not incurred that much or is not going to have to pay for his, that really flips a lot of what I've done with the financial stuff. So what I'm going to ask you, have you applied for attorney fees? You haven't, have you?

MR. WELCH: We haven't asked the Court for that, no, Ma'am.

THE COURT: Okay. You all talk about it. If you want to ask for attorney fees, within 30 days I want you to file just a very brief Motion. The Motion can be just, "We still want our attorney fees," and attach to it a statement of those fees and then I'll give Mr. Welch time to respond. If you all want oral argument, you need to tell me in your Motion or your response, otherwise I'll look at it and make a decision on the record....

On March 26, 2001, Wife filed a motion renewing her request for attorney's fees. *Her motion specifically requested oral argument.* Thereafter, on May 4, 2001, Husband responded to the motion by filing a written objection. *His response likewise asked for a hearing on the issue of fees.* Four days later, the trial court entered an order awarding Wife attorney's fees because, as stated in the order, "[p]laintiff...has requested attorney fees and filed a Motion with attached statement of attorney's time expended on this case, all as required by the Court. Defendant has failed to respond in a timely manner."[2] The trial court ordered Husband to pay Wife $5,000, one-half of the fees claimed by her. Furthermore, on May 14, 2001, the trial court entered a second order, in which it denied Husband's request for a hearing and taxed any additional costs to Husband.

Husband appeals, challenging the trial court's award of attorney's fees and raising the following issues for our review:

> 1. Did the trial court err by awarding "punitive alimony" in the form of attorney's fees to Wife who had sufficient resources to pay such fees from her award of separate property?
>
> 2. Did the trial court err by awarding attorney's fees without adequate proof being presented to the trial court?
>
> 3. Did the trial court err by awarding attorney's fees without affording Husband a hearing or reasonable opportunity to challenge Wife's claim for such fees?

---

[2]Wife has filed a motion in this Court asking us to consider a letter attached to her motion as a post-judgment fact pursuant to Tenn. R. App. P. 14. We decline to do so. The letter is signed by the trial judge and addressed to counsel for the parties. It is dated April 4, 2001, *prior to* the entry date of the order from which this appeal is being taken. Hence, it does not fall within Rule 14.

Because we find Husband's third issue to be dispositive, we do not find it necessary to address his first two issues.

## II. *Standard of Review*

In a divorce action, an "award of attorney fees by the trial court is considered an award of alimony." ***Long v. Long***, 957 S.W.2d 825, 829 (Tenn. Ct. App. 1997). As with alimony, the trial court has broad discretion regarding the grant of attorney's fees, ***Batson v. Batson***, 769 S.W.2d 849, 862 (Tenn. Ct. App. 1988), and its decision will not be disturbed absent a clear showing that it has abused that discretion. ***Aaron v. Aaron*** 909 S.W.2d 408, 411 (Tenn. 1995).

## III. *Discussion*

Husband argues that the trial court erred when it awarded attorney's fees without affording him an opportunity to contest Wife's claim for fees. He argues that he should have been given a reasonable opportunity to challenge Wife's claim for fees, an opportunity to cross-examine Wife's attorney, and an opportunity to present contrary proof. In support of this argument, Husband relies upon the case of ***Sherrod v. Wix***, 849 S.W.2d 780 (Tenn. Ct. App. 1992), in which this Court held that "[t]rial courts may act upon requests for legal expenses without a fully developed record as long as the party opposing the request has been afforded a fair opportunity to cross-examine the requesting parties' witnesses and to present proof of its own on the issue." ***Id.*** at 785. The decision in ***Sherrod*** is expressly based, in part, upon the Supreme Court's holding in ***Wilson Management Co. v. Star Distributors Co.***, 745 S.W.2d 870 (Tenn. 1988), in which the Court held that

> a trial judge may fix the fees of lawyers in causes pending or which have been determined by the court, with or without expert testimony of lawyers and with or without a prima facie showing by plaintiffs of what a reasonable fee would be. Obviously, the burden of proof on the question of what is a reasonable fee in any case is upon the plaintiff and plaintiff should be in a position to tender such proof. However, if a trial judge is prepared to fix a reasonable fee based upon the appropriate guidelines without first hearing plaintiff's proof, defendant must be accorded full opportunity to cross[-]examine plaintiff's witness and present evidence on that issue.

***Id.*** at 873.

In the case at bar, the trial court instructed Wife to file a motion seeking attorney's fees if she wanted to pursue her previously-filed request for such relief; she was also instructed to indicate in her motion if she "want[ed] oral argument" on the issue. Moreover, the trial court advised Husband that he could request oral argument in his response to Wife's motion for attorney's fees. As a result, Wife filed a motion requesting both attorney's fees and a hearing. In response, Husband filed a

written objection to Wife's motion and his own request for a hearing. Despite the parties' requests for a hearing and the trial court's prior assurance that oral argument would be granted pursuant to the request of either party, the trial court awarded Wife attorney's fees in the amount of $5,000 without giving either party the opportunity to present evidence regarding whether and to what extent such an award was appropriate. The only "proof" before the court when it decided to award fees was a partially redacted billing statement, prepared by Wife's attorney, that was attached to her motion for fees. Husband was never given an opportunity to cross-examine Wife's witnesses, or to present contrary proof.

We hold that the trial court abused its discretion in this case when it awarded fees without giving Husband an opportunity to cross-examine Wife's witnesses and to present his own evidence on the issue of whether and to what extent fees are justified in this case. *See* **Wilson**, 745 S.W.2d at 873; **Sherrod**, 849 S.W.2d at 785. As a result, we find it necessary to remand this case for a hearing to determine, based on properly submitted evidence, whether, and to what extent, an award of attorney's fees is appropriate in this case. Having determined that a hearing is necessary, we find it unnecessary to address the other issues raised by the appellant.

IV. *Conclusion*

The judgment of the trial court is hereby vacated and this case is remanded for further proceedings. Costs on appeal are taxed against the appellee, Ellen Hopson Bell.

_____
CHARLES D. SUSANO, JR., JUDGE