IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
NOVEMBER 19, 2002 Session

# HAL GERBER v. VIRGINIA STARR SEGAL

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-00-0893-2      Floyd Peete, Jr., Chancellor**

_____

**No. W2001-01709-COA-R3-CV - Filed February 11, 2003**

_____

ALAN E. HIGHERS, J., Dissents.

### DISSENTING OPINION

I respectfully dissent from the holding of the majority.

The issue in this case seems far more straightforward to this member of the court than it does to the majority.  The appellee is a Memphis lawyer with more than fifty years of experience in the practice of law.  The appellant employed him to represent her in a divorce. The case was described by the special master as "long and acrimonious."  The appellee kept a meticulous account of the time he spent on this case.  These records were submitted to and considered by the special master in the divorce case and they have been made part of this record on appeal.

The underlying divorce case was referred to a special master by agreement of the parties.  The special master heard proof and concluded, among other things: "The Special Master finds that plaintiff's fees [appellant herein] are fair and reasonable and are in line with similar services performed by other competent attorneys practicing in this area."  The trier of fact is competent to rule on the reasonableness of attorney fees.  Wilson Management v. Star Distributors, 745 S.W.2d 870 (Tenn. 1988).

In the final decree of divorce, entered June 4, 1999, the chancellor held: "The Opinion of the Special Master, JOE M. DUNCAN, ESQ., is in all respects ratified, approved, and confirmed and its provisions are made binding on the parties."  When the chancellor "ratified, approved, and confirmed" the opinion of the special master "in all respects," he clearly approved and adopted the special master's finding that the attorney fees at issue in this case "are fair and reasonable."  This holding was not appealed and is now final.

**Judicial Estoppel**

According to the special master's affidavit, the appellant testified in the underlying divorce case that "she had $57,647.57 in legal fees and "$7,500.00 in accounting fees." The majority reasons that since she "had" these fees outstanding, it does not mean she "owed" them. For the following reasons, I beg to differ.

First, the majority apparently believes this case turns on the meaning that the word "had," had.

Second, the word "had" is the word chosen by the special master to describe the testimony of appellant; it is not necessarily the word used by the appellant.

Third, one definition of have/had is "to assert, maintain, or represent as being." Random House Unabridged Dictionary, 2nd Edition. There is not one shred of evidence in the record that appellant's testimony before the special master suggested that she did not "owe" the amount of attorney fees she had been charged.

Fourth, it must be remembered that appellant's testimony before the special master was given in connection with the prayer for attorney fees to be paid by husband. The majority's opinion must assume against all reason that she testified as to fees she did not believe she owed.

Fifth, the special master concluded from appellant's testimony, and all the proof, that her fees "are fair and reasonable and are in line with similar services performed by other competent attorneys practicing in this area." There is no transcript of the testimony before the special master. It is "conclusively presumed" on appeal in this state that in the absence of a transcript or statement of the evidence that findings of fact made by the trial court are supported by the evidence heard in that court and must be accepted as true by the appellate court. J. C. Bradford & Co. v. Martin Construction Co., 576 S.W.2d 586 (Tenn. 1979).

Sixth, the special master found the fees at issue in this case to be "fair and reasonable" and the chancellor "ratified, confirmed, and approved" the finding and made it "binding on the parties." When there has been a concurrent finding of the master and chancellor, the "court of appeals shall not have the right to disturb such finding." T.C.A. § 27-1-113.

Seventh, the time sheets and statements addressed to the appellant are included in the record before us. On the statement dated January 31, 1997, the hourly rate of $250.00 clearly appears and credit is given to appellant for a payment of $34,685.74 on the same statement. A receipt dated January 13, 2000, also appears in the record which further credits appellant for payments on account. It is apparent that appellant made payments pursuant to the hourly rate specified on her statement.

Eighth, it appears to this member of the court that there is indeed a judicial estoppel in this case. The appellant testified before the special master with reference to the amount of her legal fees

in a proceeding to compel the husband to pay some or all of such fees. The special master found the fees to be fair and reasonable, and the chancellor concurred. Further in the absence of a transcript, we must conclusively presume that appellant's testimony supported the finding. Therefore, the finding of the special master and the chancellor is conclusive and binding on the parties. The appellant cannot now take a contrary position.

## Reasonableness of Fees

The majority apparently seeks to make new law in this case. I refer to the following statements in the majority opinion: "It is obvious that the finding of the special master in the underlying case, as to the reasonableness of the Appellee's fees, was based on the belief that the parties had reached an agreement as to the fees to be charged. Appellant now avers that there was no such agreement. Accordingly, the controlling issue in the present case is what, if any, agreement the parties had reached concerning the fees to be charged. Only after a determination of this question can the reasonableness of the fees properly be addressed."

The majority opinion further stated: "As noted, the court found the fees which Appellant charged to be reasonable in light of the fact that they had been deemed so in the underlying divorce action. As further noted, however, this finding of reasonableness attached to a sum which, at that time, might have appeared to have been agreed to by the parties. That underlying fee is now, however, in dispute. Therefore, a determination of what, if any, agreement was reached between the parties must be made prior to addressing the reasonableness question."

The majority holds that the trial court could not address the reasonableness of the fees unless it first found what agreement, if any, the parties had made. In response, I would note: First, there is evidence in the record of the parties' agreement. The fee statement addressed to appellant specifies the hourly rate charged, and credits appellant with payments pursuant to that rate. Second, the majority cites no authority for the position that the trial court could not consider the reasonableness of the fees unless it first determined the agreement by the parties, if any. This member of the court is unaware of any authority for that position. The following, however, is instructive: "The amount of compensation which an attorney is entitled to recover, when no fee is fixed by the terms of his contract with his client, is measured by the reasonable value of the services rendered." Eakin v. Peeples Hotel Co., 54 S.W. 87 (Tenn. Ct. App. 1899). "When no fee is fixed by the terms of an attorney's contract with his client, the amount of compensation is measured by the reasonable value of the services rendered." Tennessee Jurisprudence, Attorney and Client § 15.

In summary, the test applied to attorney fees, either where there is an agreement, or in the absence of an agreement, is whether the fee is fair and reasonable under the circumstances. That question was addressed in the underlying proceeding in which the fees in this case arose. The special master found such fees to be fair and reasonable. The chancellor concurred. The appellant testified in that proceeding and, in the absence of a transcript or other statement of the evidence, it is conclusively presumed that the evidence supported the decision.

3

Finally, the majority opinion states: "The trial court in the present case failed to exercise its own judgment in determining what represents a reasonable fee based on these factors, relying instead upon the finding of reasonableness in the underlying case, a finding based on the apparent assumption that the parties had agreed to that fee." With all due respect to the majority, I find this statement to be erroneous.

1. It is erroneous to declare that the trial court failed to exercise its own judgment of reasonableness. It is the same chancellor in both cases, i.e., the underlying divorce case and the complaint for attorney fees. The chancellor reviewed the opinion of the special master and "ratified, approved and confirmed" its provisions and made them "binding upon the parties." That decision was not appealed and became final. Is it the position of the majority that the chancellor could reverse his own final, unappealed decree and now declare that the attorney fees in the underlying case were not fair and reasonable?

2. The majority asserts that it is "obvious" and "apparent" that the special master's finding of reasonableness was based on a "belief" that the parties had reached an agreement. This may be obvious to the majority, but the record nowhere so states. The majority's unique position is that the trial court could not even consider the issue of reasonableness until it determined what was the parties' agreement, if any.

3. The majority declares that the trial court "should have undertaken an independent assessment of what represents a reasonable fee." It is not clear to this member of the court what is meant by an "independent" assessment. Does this mean he could not make a concurrent finding with the special master? Does it mean he could not rely on his own final decree in the underlying case wherein he "ratified, approved, and confirmed" the finding of the master? Does it mean he must now conduct a new hearing on matters he has already heard and decided and that he is at liberty to reverse his clear, final, and unappealed holding in the prior case? In any of these events, I am unable to agree with the far-reaching pronouncements by the majority.

For all of the reasons stated herein, I would affirm the judgment of the trial court.


_____
ALAN E. HIGHERS, JUDGE

4