# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
August 23, 2005 Session

## CHARLES E. CREWS, D/B/A DEXTER RIDGE SHOPPING CENTER. v. MICHAEL L. CAHHAL, ET AL.

### A Direct Appeal from the Circuit Court for Shelby County
### No. 82835-3    The Honorable Karen R. Williams, Judge

### No. W2004-01120-COA-R3-CV - Filed November 1, 2005

This Court reversed a judgment of dismissal of Plaintiff's action and remanded the case for further proceedings.  On remand, the court entered judgment for Plaintiff, as authorized by the appellate court, and also, on motion of Plaintiff, awarded attorney fees for the appeal.  Defendant-Appellants appeal, asserting that the award of attorney fees was not authorized by the appellate court and, therefore, the trial court did not have authority to award same.  Appellants also assert that the award of attorney fees was excessive, and Appellee asserts, in a separate issue, that the award of fees was inadequate.  Both parties appeal.  We affirm and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Keith V. Moore of Memphis, Tennessee for Appellants, Michael L. Cahhal, Bobbie S. Cahhal, Nancy Nichols, R. Bret Taylor, Kenneth Hill and Evelyn Lorraine Hendrix
Julie C. Bartholomew of Somerville, Tennessee for Appellee, Charles E. Crews d/b/a Dexter Ridge Shopping Center

### MEMORANDUM OPINION[1]
This is the second appeal of this case, which arises from a dispute over an unconditional guaranty agreement executed by Michael L. Cahhal, Bobbie S. Cahhal, Nancy Nichols, R. Bret

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Taylor, Kenneth Hill, and Evelyn Lorraine Hendrix (together "Defendants," or "Appellants") in favor of Charles E. Crews, d/b/a Dexter Ridge Shopping Center ("Plaintiff," or "Appellee"). On September 9, 2002, this Court issued its Opinion in the first appeal of this case. ***Charles E. Crews d/b/a Dexter Ridge Shopping Center v. Michael E. Cahhal, et al.***, No. W1999-02354-COA-R3-CV, 2002 WL 31259360 (Tenn. Ct. App. Sept. 9, 2003) reversed the trial court's entry of judgment in favor of Defendants in Plaintiff's suit to recover the balance due under the unconditional guaranty agreement. This Court remanded the matter to the trial court for further proceedings consistent with the above Opinion. Defendants filed a Rule 11 with the Supreme Court, which was denied by Order of February 3, 2003. Thereafter, Plaintiff filed a Motion in the trial court seeking the entry of judgment in accordance with the ruling of this Court and seeking an award of attorneys' fees incurred by Plaintiff in connection with the appeal. The guaranty agreement requires Defendants to pay all attorney fees and costs of collection. On March 22, 2004, the trial court entered a "Final Order of Judgment" awarding Plaintiff a judgment for $12,510.98, as directed by this Court. The trial court also awarded post-judgment interest, discretionary costs, and $18,000.00 attorneys' fees incident to the appeal. On April 20, 2004, Plaintiff filed a Notice of Appeal. The following day, Defendants filed a Motion for New Trial or to Alter or Amend the Final Order of Judgment. This Motion was denied by the trial court's Order of June 11, 2004. After Defendants filed a Notice of Appeal on July 9, 2004, Defendants assumed the role of Appellants, pursuant to a Joint Motion and an Order of this Court.

We first note that Appellants' brief contains no statement of the issues presented for review. Tenn. R. App. P. 27(a)(4) specifically states that the "brief of the appellant ***shall*** contain...a statement of the issues presented for review..." (emphasis added). Although Appellee makes a good-faith effort to state Appellants' issues, an appellee is not obligated to exercise his or her powers of discernment in order to deduce from appellant's argument the exact issues appellee is required to defend against. Likewise, this Court is under no obligation to search for, or derive, issues that are not specifically stated in accordance with Tenn. R. App. P. 27(a)(4). Although these Appellants purport to argue in their brief, this Court considers an issue waived where it is argued in the brief but not designated as an issue. ***See, e.g., Childress v. Union Realty Co., Ltd.***, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002); ***Stewart v. Richmond***, 1987 WL 28061 (Tenn. Ct. App. Dec. 18, 1987). Although the issue is considered waived, we note that Appellants assert that the trial court exceeded the scope of the remand order by making an award of attorney fees. We disagree. This Court did not consider the issue of attorney fees on appeal, and the case was remanded for further proceedings. As this Court noted in ***Chaille v. Warren***, 689 S.W.2d 173 (Tenn. Ct. App. 1985), it is proper to request attorney fees incurred on appeal when the case is remanded to the trial court for further proceedings. ***Chaille***, 689 S.W.2d at 178.

Having found that Appellants' issues are waived, we proceed to a discussion of the specific issues raised by Appellee, to wit:

1. Is the amount of attorneys fees awarded by the trial court inadequate?

2. Is the instant appeal by Defendants frivolous?

## Inadequacy of Attorneys' Fees

On appeal, an appellate court shall not interfere with the trial court's decision, concerning attorneys' fees, except upon a showing of an abuse of that discretion. *See Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530 (Tenn. Ct. App. 2002).  The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App.2000). While we will set aside a discretionary decision if it does not rest on an adequate evidentiary foundation or if it is contrary to the governing law, we will not substitute our judgment for that of the trial court merely because we might have chosen another alternative.  Where the attorney fees are based on a contractual obligation for a reasonable attorney fees, the award must be based upon the guidelines by which a reasonable fee is determined.  *Ferguson Harbour, Inc. v. Flash Market, Inc*., 124 S.W.3d 541, 553 (Tenn. Ct. App. 2003)(citing *Wilson Management Co. v. Star Distributors Co.*, 745 S.W.2d 870, 873 (Tenn. 1988); *United Medical Corp. of Tennessee v. Hohenwald Bank & Trust Co.,* 703 S.W.2d 133, 136 (Tenn. 1986)).

In determining whether a fee is reasonable, Rule 8, Rules of the Supreme Court, RPC 1.5, provides, in pertinent part, as follows:

> **Rule 1.5 Fees**
>
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent;

(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

In the instant case, the trial court awarded $18,000.00 in attorneys' fees. The only proof offered for these fees was in the Affidavit of Julie C. Bartholomew, attorney for Appellee, and the supporting Affidavits of attorneys Larry Parrish and Valerie Corder. Ms. Bartholomew's Affidavit lists her hourly rate at $150.00 and asserts that she has "expended a total of 244.5 hours in connection with this appeal." Consequently, Ms. Bartholomew asked the trial court for $36,675.00 in fees. Although the trial court, as noted by Appellee, makes no specific finding as to the reason for awarding a fee slightly less that fifty percent (50%) of the requested fee, we nonetheless find that the award of $18,000.00 is reasonable for the work involved and is well within the range of acceptable alternatives. Consequently, the trial court did not abuse its discretion in making this specific award.

## Frivolous Appeal

"Successful litigants should not have to bear the expense and vexation of groundless appeals." *Davis v. Gulf Insurance Group*, 546 S.W.2d 583, 586 (Tenn.1977). In this case, the appeal was initiated by Appellee and, from the totality of the circumstance, we do not find this to be a frivolous appeal.

Appellee asks this Court to remand the case for a determination by the trial court of an award, pursuant to the guaranty agreement, for expenses and attorney fees on appeal, which the Court finds is a proper request.

Accordingly, the judgment of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as are necessary, including an award of attorney fees and expenses incurred on appeal pursuant to the terms of the guaranty agreement. Costs of this

appeal are assessed against the Appellants, Michael L. Cahhal, Bobbie S. Cahhal, Nancy Nichols, R. Bret Taylor, Kenneth Hill, Evelyn Lorraine Hendrix, and their respective sureties.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.