IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 3, 2018

## IN RE CONSERVATORSHIP OF GLORIADEAN S. PORTER, ET AL.

**Appeal from the Probate Court for Shelby County
Nos. D-16530; D-16695; PR2800    Karen D. Webster, Judge**

_____

### No. W2016-00693-COA-R3-CV

_____

This action concerns the closing of two estates and a conservatorship. A beneficiary appeals the court's award of attorney fees and expenses to the attorney of record and the subsequent denial of his motion to continue the settlement of the estates. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and FRANK G. CLEMENT, JR., P.J., M.S., joined.

L. Daniel Johnson, Memphis, Tennessee, for the appellant, Ike Hentrel.

M. Matthew Thornton and Kenneth D. Jones, Memphis, Tennessee, for the appellee, M. Matthew Thornton, Administrator of the Estate of Gloridadean S. Porter.

### OPINION

### I.    BACKGROUND

This case involves the administration of two estates and a conservatorship for Edward and Gloriadean Porter. Mr. Porter died on June 6, 2013, leaving Mrs. Porter, his sole heir, in need of a conservatorship due to her physical and mental disabilities. Mrs. Porter's brother, Ike Hentrel ("Appellant"), was appointed to serve as the executor of Mr. Porter's estate and as Mrs. Porter's conservator. Mrs. Porter died on April 25, 2014. Attorney M. Matthew Thornton ("Administrator") was appointed by the court as the administrator of her estate. Attorney Laurice Smith was selected to serve as the attorney of record for the two estates and the conservatorship.

In September 2014, Appellant filed an annual accounting for Mr. Porter's estate, in which he listed beginning assets of $184,708.26, expenditures and disbursements of $177,020.85, and an ending balance of $7,687.41 for the period of September 9, 2013, through August 29, 2014. The clerk and master filed 20 exceptions to the accounting. All but four exceptions were resolved prior to a hearing on October 29, 2015.

The three beneficiaries to Mrs. Porter's estate, Appellant and his two siblings, entered into a settlement agreement that was presented to the court in which they resolved the remaining four exceptions. The agreement, signed by Appellant, required Appellant to reimburse Mr. Porter's estate a total amount of $8,800 as a payable claim against his share of Mrs. Porter's estate. Appellant further agreed to resign, effective immediately, as the executor of Mr. Porter's estate and as Mrs. Porter's conservator. Attorney Laurice E. Smith was appointed in his stead to close the estate and the conservatorship. A consent order, also signed by Appellant, memorializing the agreement was filed on November 9, 2015.

On February 24, 2016, Attorney Smith filed a petition requesting fees and expenses for her services as the attorney of record. Appellant was not present at the hearing on the petition; however, his attorney noted his objection and claimed that the fees should have been capped as agreed by the parties at the time of the consent order. Attorney Smith explained that additional work was performed since that time as a result of Appellant's refusal to cooperate. The court awarded fees and expenses in the amount of $20,000[1] by order, entered on March 4, 2016. An amended consent order, signed by Appellant's attorney, was entered on April 12, 2016, resolving all remaining issues pertaining to the estates and the conservatorship.

Thereafter, Appellant refused to sign a receipt and waiver to close Mrs. Porter's estate as anticipated. On January 25, 2017, Administrator filed a motion to enforce the agreement. On March 8, Appellant filed a response, claiming that he did not agree to key items in the consent order. Administrator filed a motion to show cause why the agreement should not be enforced and for contempt. Appellant did not appear at a status conference held on March 13, after which the hearing date for the pending motions was set for April 6. On April 5, Appellant filed a motion for a continuance, claiming that the hearing was set without his involvement, that he was no longer represented by an attorney[2] and needed additional time in which to respond to motions filed, and that he was unavailable until after June 8, "due to scheduling conflicts (work, etc.)."

---

[1] This amount was awarded in addition to her original retainer of $4,500.

[2] His attorney withdrew from representation five days prior to the filing of the motion to enforce.

Appellant did not appear at the scheduled hearing on April 6, during which the court denied the motion to continue and found that Appellant was bound by the terms of the consent order, signed by him and his attorney. The court noted that the agreement represented a total known benefit to Appellant of $29,512.15 in settled or forgiven debt. In denying the motion to continue, the court found as follows:

> That the Court also heard testimony from the Administrator [that Appellant] was intentionally delaying the administration of [Mrs. Porter's estate] in the following ways: (1) he refused certified mail sent to his home address by the Administrator, (2) he refused to meet with the Administrator to discuss the Estate and the proposed distributions, (3) he intentionally ignored two separate Notices of Deposition, including the Notice of Deposition for March 30, 2017 which was hand-delivered to him in the courthouse on March 8, 2017, (4) since the Administrator's Motion to Enforce Settlement Agreement was filed on January 25, 2017, he has refused to present any proof, other than his unsupported assertion, that the Settlement and Consent Order are not the documents he signed, (5) he refused to attend a status conference on March 13, 2017 at 3:00 p.m. which was specially set by this Court and announced by this Court in open court, on the record, and in his presence, on March 8, 2017, (6) he failed to object to or seek to extend the hearing date of April 6, 2017 until days before the hearing and only then by faxing an unsworn document to the Court Clerk without any personal appearance, and (7) he has refused to explain his absence from this Court's hearing on April 6, 2017.

The court certified the judgment as final as to all outstanding pleadings filed by Appellant and as to additional administrative fees assessed against him as an enforceable personal judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.[3] This appeal followed.

## II.   ISSUES

The issues presented on appeal are as follows:

A.      Whether the court abused its discretion in denying the motion for a continuance.

---

[3] "When more than one claim for relief is present in an action . . . or when multiple parties are involved, the court . . . may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

B.     Whether the court abused its discretion in awarding attorney fees.

## III.     STANDARD OF REVIEW

This court reviews a trial court's denial of a motion for a continuance under an abuse of discretion standard. *In re A'Mari B.,* 358 S.W.3d 204, 213 (Tenn. Ct. App. 2011) (citing *State Dep't of Children's Servs. v. V.N.*, 279 S.W.3d 306, 317 (Tenn. Ct. App. 2008)).  An award of attorney fees is also reviewed under an abuse of discretion standard. *Wright ex rel. Wright v. Wright*, 337 S.W3d 166, 176 (Tenn. 2011).  "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citations omitted).

## IV.     DISCUSSION

### A.

Tennessee Code Annotated section 20-7-101 provides that a continuance "may always be granted by the court, upon good cause shown, at any stage of the action."  This court has provided the following instruction concerning our review of such matters:

> [T]he party seeking a continuance carries the burden to prove the circumstances that justify the continuance.  In order to meet this burden, the moving party must supply some strong excuse for postponing the trial date.  Factors relevant to the trial court's decision include:  (1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted.

*Howell v. Ryerkerk*, 372 S.W.3d 576, 580-81 (Tenn. Ct. App. 2012) (internal citations and quotations omitted).

Here, the parties entered into a settlement agreement that was memorialized by the consent order on November 9, 2015.  The agreement and the consent order were personally signed by Appellant.  The amended consent order, filed approximately eight months prior to the motion to enforce the order, was also signed by Appellant's attorney with permission.  The order represented a total known benefit to Appellant of $29,512.15 in settled or forgiven debt.  Yet, Appellant refused to sign the receipt and waiver to close the estate as agreed.  Appellant claimed that the agreement entered was not what he signed; however, he did not present any proof in support of his assertion and did not

appear at the status conference to offer any additional explanation. Instead, he requested a continuance the day before the scheduled hearing date. With these considerations in mind, we conclude that the court did not abuse its discretion in denying the motion for a continuance.

B.

Tennessee follows the American Rule which provides that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). "Under the American [R]ule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American [R]ule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) (citing *Taylor*, 158 S.W.3d at 359; *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998)). Attorney fees may be awarded in an estate matter when the services "inured to the benefit of the entire estate as distinguished from services rendered to individuals claiming an interest in the estate." *Pierce v. Tharp*, 455 S.W.2d 145, 149 (Tenn. 1970) (citation omitted); *see also In re Estate of Ledford*, 419 S.W.3d 269, 279-80 (Tenn. Ct. App. 2013) (reversing an award of attorney fees when the services rendered did not inure to the benefit of the estate).

Appellant claims that the fees awarded were in excess of the amount permitted based upon the value of the estate pursuant to the local rules of the court. He further claims that the fee was excessive, resulting in a reduction of his share of the estate. The party requesting attorney fees must, at a minimum, provide "an affidavit containing the attorney's hourly rate and time spent on the case." *Coleman v. Coleman*, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at *11 (Tenn. Ct. App. Feb. 4, 2015) (citing *Miller v. Miller*, 336 S.W.3d 578, 587 (Tenn. Ct. App. 2010)). Here, Attorney Smith filed an affidavit providing detailed time entries in support of her request. "Should a dispute arise as to the reasonableness of the fee awarded, then 'in the absence of any proof on the issue of reasonableness, it is incumbent upon the [party challenging the fee] to pursue the correction of that error in the trial court by insisting upon a hearing upon that issue.'" *Kline v. Eyrich*, 69 S.W.3d 197, 210 (Tenn. 2002) (quoting *Wilson Mgmt. Co. v. Star Distribs.*, 745 S.W.2d 870, 873 (Tenn. 1988)). Appellant did not raise the issue of reasonableness at the trial level or make any claim pursuant to the local rules of the court, which are not binding on the trial court. Instead, he merely claimed that the fees should have been capped as previously agreed, to which Attorney Smith offered a reasonable explanation for her refusal to comply. Consequently, reversal of the award is not justified because the record contains no proof that the award of attorney fees was

unreasonable. *Id.* We affirm the award of attorney fees in deference to the trial court's discretion in such matters.

Further, we hold Appellant responsible for attorney fees on appeal pursuant to Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or *of its own motion*, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

(Emphasis added.).

## V.     CONCLUSION

We affirm the decision of the trial court and remand for the trial court to set the amount of attorney's fees for the appeal to be paid by the appellant, Ike Hentrel and for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Ike Hentrel, for which execution may issue, if necessary.

_____
JOHN W. McCLARTY, JUDGE