IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief February 15, 2006

## LAWRENCE LEE BROWN v. KELLY SUE BROWN

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 163562 R.D.     The Honorable Rita L. Stotts, Judge**

_____

**No. W2005-00811-COA-R3-CV - Filed March 29, 2006**

_____

This appeal involves a post-divorce dispute regarding child support and related issues. The trial court awarded Wife/Appellee all of her attorney's fees and expenses, and couched one-half of that award as additional child support pursuant to T.C.A. §36-5-103(c)(2005). Husband/Appellant appeals asserting that the trial court erred in categorizing the attorney's fees as child support and on the ground that the attorney's fees are excessive. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Edwin C. Lenow of Memphis, Tennessee for Appellant, Lawrence Lee Brown

David E. Caywood and Amy Black of Memphis, Tennessee for Appellee, Kelly Sue Brown

### OPINION

Kelly Sue Brown ( "Appellee") and Lawrence Lee Brown ("Appellant") were divorced by "Final Decree of Divorce" (the "Decree") entered on December 8, 1999. The Decree grants the parties joint custody of the two minor children born to the marriage, with Ms. Brown being the primary custodial parent. The Decree also incorporates by reference a Marital Dissolution Agreement ("MDA") entered by the parties on December 8, 1999. The MDA provides, in relevant part, as follows:

> 2. ...Husband will provide medical insurance for the benefit of the minor children and the parties agree to share equally in all medical, dental, optometric and prescription expenses, over and above that paid by insurance....

         \*        \*        \*

 In accordance with Section 36-6-101 (a) T.C.A., each of the parties have the following rights:

         \*        \*        \*

 (F) The right to be free from unwarranted derogatory remarks made about him or her or his or her family by the other parent in the presence of the children.

         \*        \*        \*

 11. NON-COMPLIANCE. Should either party incur any expense or legal fees as a result of the breach of any portion of this agreement by the other party, the Court ***shall*** award reasonable attorney's fees and suit expenses to the non-defaulting party. No breach, waiver or default of any of the terms of this agreement shall constitute a waiver of any subsequent breach or default of any of the terms of this agreement.

(Emphasis added).

Following the divorce, the parties had numerous disputes concerning the parenting of and visitation with the children. On March 1, 2002, Mr. Brown filed a "Petition to Modify Final Decree of Divorce," in which he alleges that a change of circumstances has occurred since the divorce. In relevant part, Mr. Brown alleges that Ms. Brown "has taken the children with her overnight in the company and residence of her paramour," that Ms. Brown is in contempt of court for "failing to allow [Mr. Brown] to speak with his children twice a week when the minor children are in [Ms. Brown's] care." In his Petition, Mr. Brown asks the court to declare him the primary residential parent of the minor children, and to require that the parties enter into a permanent parenting plan. On April 2, 2002, Ms. Brown filed her "Answer to Petition to Modify Final Decree of Divorce and Counter-Petition to Modify Final Decree of Divorce." In the Answer, Ms. Brown admits that she has spent the night with her paramour in the presence of the minor children but asserts that "both parties have spent the night overnight in the company of their paramour with the children present. [Ms. Brown] alleges that she has now ceased this behavior." In her Counter-Petition, Ms. Brown also asks the court to require the parties to enter into a permanent parenting plan, and to modify the Decree according to the new parenting schedule as approved by the court. In their respective petitions, both parties request attorney's fees from the other party.

On April 20, 2002, Ms. Brown filed a "Petition for Immediate Injunctive Relief". On April 30, 2002, the trial court issued an Injunction "restraining and enjoining [Mr. Brown] from harassing,

threatening, assaulting or abusing [Ms. Brown] and from making disparaging remarks about [Ms. Brown] in the presence of the children or in the presence of [Ms. Brown's] employer."

A hearing was held on July 12, 2002 and, by Order of August 5, 2002, the trial court enjoined the parties from having overnight guests of the opposite sex in the presence of the minor children, and from dating a married person in the presence of the children. The court also ordered the parties to submit a permanent parenting plan. On August 28, 2002, Ms. Brown filed a "Petition for Civil and Criminal Contempt" against Mr. Brown alleging that Mr. Brown had violated the court's order by taking the children on a trip to Destin with Mr. Brown's paramour. Ms. Brown further alleged that Mr. Brown violated the Decree when he failed to reimburse her for the children's uncovered medical and dental expenses.

Despite the August 5, 2002 order requiring the parties to submit a permanent parenting plan, Mr. Brown did not submit a proposed plan. Ms. Brown filed a Motion for the court to adopt her proposed parenting plan and requested attorney's fees and general relief for bringing the action. In response to Ms. Brown's motion, the court ordered the parties to enter a permanent parenting plan with the court within ten (10) days. Although a plan was drafted, Mr. Brown did not sign the plan. Consequently, on June 23, 2003, the trial court entered the permanent parenting plan without Mr. Brown's signature.

On December 11, 2002, the court entered a "Consent Order on Petition for Civil and Criminal Contempt." Therein, the court ordered the parties to "submit a list of uncovered medical, dental, prescription and optical expenses paid by that party along with back-up documentation to the opposing party so that it may be determined what reimbursement, if any, is owed." The court also found that Mr. Brown admitted that "he violated the Order of the Court entered on August 4, 2002, by having his children in the company of his girlfriend overnight." The court reserved the issue of attorney's fees.

On May 22, 2003, Ms. Brown filed a "Petition for Order of Protection and Petition for Criminal Contempt" against Mr. Brown. Specifically, Ms. Brown alleged that Mr. Brown had threatened to kill her, and harm her, and that he had verbally abused her in public all in violation of the court's April 30, 2002 Injunction. Ms. Brown asked the court, *inter alia*, for an *ex parte* order of protection, a finding that Mr. Brown was in criminal contempt, and reasonable attorney's fees and suit expenses. On May 22, 2003, the court entered an *ex parte* order of protection against Mr. Brown. This *ex parte* Order was extended on June 16, 2003 and again on July 11, 2003.

On July 10, 2003, Ms. Brown filed another "Petition for Civil Contempt" against Mr. Brown for his continued failure to pay his one-half share of the children's uncovered medical, dental, and optical expenses. In her Petition, Ms. Brown alleged that she had submitted a list of the uncovered expenses along with the supporting documentation that the court ordered in its December 11, 2002 order but that Mr. Brown had failed to respond to her submission and had not paid his one-half of the itemized expenses. Again, Ms. Brown asked the court to award her attorney's fees and expenses.

Mr. Brown filed his "Response to Petition for Contempt," in which he generally denied the material allegations of Ms. Brown's petition.

On August 21, 2003, the court held a hearing on Ms. Brown's various petitions for order of protection and for criminal and civil contempt against Mr. Brown. On August 29, 2003, the trial court entered its "Order Extending Ex Parte Order of Protection and Order Finding Petitioner/Counter-Respondent, Lawrence Lee Brown, in Civil Contempt." In its Order, the trial court extended the *ex parte* order of protection for a period of one year from the date of the entry of the order, and found that Mr. Brown was in civil contempt for failure to pay his one-half of the children's medical expenses. The court ordered Ms. Brown to submit an attorney fee affidavit detailing her attorney's fees and legal expenses incurred in this matter.

On October 3, 2003, Ms. Brown filed the Affidavit of David E. Caywood and Laurie W. Hall. Ms. Brown's billing records were also provided to counsel for Mr. Brown and were submitted into evidence. The total amount of attorney's fees and expenses submitted by Ms. Brown was $17,531.20. On October 28, 2003, Mr. Brown filed an "Objection to the Affidavit of David E. Caywood and Laurie W. Hall," stating, *inter alia*, that the submitted fees were excessive and that there was no itemization as to the number of hours and hourly charges. On February 18, 2004, David E. Caywood, attorney for Ms. Brown, filed a second affidavit, in which he stated that Ms. Brown "currently owes a total of $6,870.54. Ms. Brown has incurred expenses in the amount of $4,808.95 since September 5, 2003." On or about March 9, 2005, the trial court entered its "Order Awarding Attorney Fees and Suit Expenses," which reads, in pertinent part, as follows:

> This cause came on to be heard upon the Application of Kelly Sue Brown for attorney fees and suit expenses as a result of post-divorce litigation, statement of counsel for the respective parties, testimony of David E. Caywood, exhibits introduced into evidence and the entire record, after all of which the Court rules that Lawrence Lee Brown is to pay to Kelly Sue Brown the amount of Seventeen Thousand Five Hundred Thirty One Dollars and 20/100 cents ($17,531.20) in attorney fees and suit expenses, one half of which is awarded as child support.
>
> IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED that Lawrence Lee Brown is to pay to Kelly Sue Brown the sum of Seventeen Thousand Five Hundred Thirty One Dollars and 20/100 cents ($17,531.20) in attorney fees and suit expenses one half of which is considered additional child support.

Mr. Brown appeals and raises two issues for review as stated in his brief:

> I. Whether or not the Court exceeded its authority in awarding one half [of] the attorney's fees as additional child support.

II. Whether the award of attorney's fees was excessive.

Ms. Brown raises one additional issue in her brief, to wit:

> Should this Court remand this matter to the trial court with instructions to set a reasonable attorney fee, to be characterized as child support for Ms. Brown, arising out of this appeal.

T.C.A. §36-5-103(c)(2005) states:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

There is no question that T.C.A. § 36-5-103(c) empowers the courts to award reasonable attorney's fees incurred by persons who are required to return to court to enforce a child support order. *See, e.g., Huntley v. Huntley*, 61 S.W.3d 329, 341 (Tenn. Ct. App. 2001). In these situations, the attorney's fees are allowed as a necessary and, consequently, the fees may be couched as additional child support. *See* W. Walton Garrett Tennessee Divorce, Alimony and Child Custody (2002 ed.) §29-9. The decision of whether to award attorney's fees in these cases falls within the trial court's discretion, *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn.1995). Consequently, we review those decisions under the less stringent "abuse of discretion" standard of review. Accordingly, we will reverse a trial court's decision with regard to awarding attorney's fees in cases such as this only when the trial court applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003); *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn. 2001). Although the decision to award attorney's fees in these types of custody and/or support cases is discretionary with the trial court, there has been some division in the appellate court as to what criteria should be used to arrive at these decisions, to wit:

> [T]he appellate courts have not necessarily been consistent in identifying the considerations on which these discretionary decisions should be made. Some panels follow the criteria used to award legal expenses in divorce proceedings and refuse to approve awards in the absence of proof that the party requesting the fees is unable to pay his or her lawyer. *Johnson v. Johnson*, App. No.

01-A-01-9103-CV-00107, slip op. at 13, 16 T.A.M. 39-10, 1991 WL 169568 (Tenn.Ct.App. Sept. 4, 1991)(citing *Fox v. Fox*, 657 S.W.2d 747 (Tenn.1983)). Others have approved awards even in the absence of proof of inability to pay and have pointed out that ability to pay is not a prerequisite for awarding legal expenses under Tenn.Code Ann. § 36-5-103(c). *Gaddy v. Gaddy*, App. No. 03-A-01-9109-CV-306, slip op. at 9, 17 T.A.M. 17-18, 1992 WL 63441 (Tenn.Ct.App. April 1, 1992), perm. app. denied (Tenn. Oct. 26, 1992).

Like the Eastern Section in *Gaddy v. Gaddy*, we find that ability to pay should not be the controlling consideration with regard to awards for legal expenses in custody or support proceedings. It is certainly a factor to be considered, but trial courts may award attorney's fees without proof that the requesting party is unable to pay them as long as the award is just and equitable under the facts of the case. The purpose of these awards is to protect the children's, not the custodial parent's, legal remedies. Accordingly, requiring parents who precipitate custody or support proceedings to underwrite the costs if their claims are ultimately found to be unwarranted is appropriate as a matter of policy.

Trial courts may act upon requests for legal expenses without a fully developed record as long as the party opposing the request has been afforded a fair opportunity to cross-examine the requesting parties' witnesses and to present proof of its own on the issue. *Kahn v. Kahn*, 756 S.W.2d 685, 696 (Tenn.1988); *Wilson Management Co. v. Star Distributors Co.*, 745 S.W.2d 870, 873 (Tenn.1988).

*Sherrod v. Wix*, 849 S.W. 780, 785 (Tenn. Ct. App. 1992) (footnotes omitted).

Here, Ms. Brown returned to the trial court because Mr. Brown failed to pay his one-half of the uncovered medical expenses of the minor children as required under the MDA. Although there is no indication in the record that Mr. Brown failed to pay the $700 per month in child support, the record does indicate that he failed to fulfill all of his support obligations to the children in that he did not pay his share of the uncovered medical expenses. We consider these medical expenses to be part and parcel of his child support obligation. Because he did not pay them, and because Ms. Brown had to return to the trial court in order to ensure that the children received these payments, she is entitled, under T.C.A. § 36-5-103(c), to her reasonable attorney's fees as additional child support. We have reviewed the entire record in this case, and we cannot conclude that the trial court abused its discretion in determining that one-half of the total attorney's fees and expenses incurred by Ms. Brown in this litigation were for enforcement of Mr. Brown's child support obligation. Mr. Brown's ongoing failure to pay his full one-half of the uncovered medical expenses for the children, even after he was provided an itemization of these expenses, caused this litigation to drag on and, consequently,

led to more attorney's fees and expenses. Although it is difficult from the record to determine exactly what portion of the fees and expenses were specifically incurred in pursuit of the child support (since there were both criminal and civil contempt petitions filed, sometimes simultaneously), we cannot say that the trial court's determination that one-half of the total fees and expenses were spent in pursuit of the child support was incorrect. Therefore, under the circumstances of this case, we find that the trial court did not err in charging these expenses to Mr. Brown as additional child support.

The trial court awarded Ms. Brown all of her attorney's fees in this case, with one-half being couched as additional child support. On appeal, Mr. Brown asserts that the attorney's fees in this case are excessive. Having determined, *supra*, that Ms. Brown is entitled to the additional child support portion of the attorney's fees, we now turn to the question of whether the award of the other half of the attorney's fees was proper and, if so, whether the total fees and expenses are excessive. We first note that the MDA executed by the parties and incorporated into the Decree specifically states that, "[s]hould either party incur any expense or legal fees as a result of the breach of any portion of this agreement by the other party, the Court *shall* award reasonable attorney's fees and suit expenses to the non-defaulting party" (emphasis added). Here, Ms. Brown also incurred attorney's fees in protecting herself and the children from Mr. Brown's threats and behaviors. The MDA states that "[t]he parties will fully cooperate with each other regarding visitation, care, custody, and welfare of their children and they each will not say or do anything in the presence of the child that will prejudice the child or interfere with the child's relationship with the other parent." In addition, each parent is granted the right, under both the MDA and T.C.A. §36-6-101(a)(3) (2005), "to be free from unwarranted derogatory remarks made about him or her or his or her family by the other parent to or in the presence of the children." Mr. Brown raises no issue on appeal concerning the correctness of the trial court's findings concerning his actions toward Ms. Brown, nor does he dispute the trial court's issuing the *ex parte* order of protection. Under the plain language of the MDA, either party is entitled to his or her reasonable attorney's fees in enforcing the MDA. From the record, it appears that Mr. Brown violated both the letter and spirit of the MDA in his actions toward Ms. Brown. Consequently, we cannot say that the trial court erred in awarding Ms. Brown the portion of her attorney's fees incurred in enforcing the MDA.

In determining whether a fee is reasonable, Rule 8, Rules of the Supreme Court, RPC 1.5, provides, in pertinent part, as follows:

> Rule 1.5 Fees
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent;

(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

In the instant case, the trial court awarded $17,531.20 in attorney's fees. The only proof offered for these fees was in the Affidavit of David E. Caywood and Laurie W. Hall, attorneys for Ms. Brown, and the testimony of Mr. Caywood at the hearing. At that hearing, Mr. Brown had the opportunity to cross-examine Mr. Caywood. However, Mr. Brown did not provide any evidence to suggest that the attorney's fees and expenses propounded by Mr. Caywood were either unnecessary or that the hourly fee charged was outside the parameters of the profession. We find, therefore, that the attorney's fees and expenses awarded in this case are not unreasonable.

In addition, Ms. Brown asks this Court to award her attorney's fees and costs incurred in defending this appeal. In addressing requests for attorney's fees on appeal, we are guided by the following: Our Courts have defined the factors that should be applied when considering a request for attorney's fees incurred on appeal. These factors include the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered. ***Dulin v. Dulin***, No. W2001-02969-COA-R3-CV, 2003 WL 22071454 (Tenn.Ct.App. Sept. 3.2003) (citing ***Folk v. Folk***, 357 S.W.2d 828, 829 (Tenn.1962)). In weighing the above factors in light of the particular facts of this case, we find it equitable to deny Ms. Brown's request for attorney's fees in this case.

For the foregoing reasons, we affirm the Order of the trial court. Costs of this appeal are assessed against the Appellant, Lawrence Lee Brown, and his surety.

_____

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.