FILED
08/26/2024
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 27, 2024 Session

## STEPHANIE GARNER v. STATE OF TENNESSEE, and its agency, TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 19-1309-II          Anne C. Martin, Chancellor**

_____

### No. M2023-00812-COA-R3-CV

_____

The plaintiff in this case sued the State of Tennessee, Tennessee Department of Correction, alleging that it refused to hire her for employment solely on the basis of her disability. The complaint asserted a single claim -- for violation of the Tennessee Disability Act, Tenn. Code Ann. §§ 8-50-103, *et seq*. During the three years of litigation that followed, the plaintiff's TDA claim survived a motion for summary judgment and was eventually tried before a jury over the course of five days. The jury returned a verdict in favor of the plaintiff but awarded her only $10,000 for lost wages and $5,000 for compensatory damages. The plaintiff's counsel then sought an award of attorney fees of nearly $700,000. The Department challenged the reasonableness of the fees. After a hearing, the trial court found the requested amount was excessive and reduced it, but only by twenty-five percent, awarding counsel $511,620. Due to the lack of findings regarding the factors applicable to such decisions, we vacate the award and remand for entry of an order analyzing the relevant factors.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Jonathan Skrmetti, Attorney General and Reporter, Jeffrey B. Cadle, Assistant Attorney General, and E. Ashley Carter, Senior Assistant Attorney General, for the appellee, State of Tennessee, Tennessee Department of Correction.

Joyce Grimes Safley, Nashville, Tennessee, for the appellee, Stephanie Garner.

# OPINION

## I. FACTS & PROCEDURAL HISTORY

Plaintiff Stephanie Garner filed this lawsuit against the State of Tennessee, Tennessee Department of Correction, in October 2019. According to the complaint, Ms. Garner applied for a position as a counselor with the Tennessee Department of Correction at a correctional facility, and once the Department learned that she was legally blind, it refused to hire her. Ms. Garner's complaint alleged that the Department refused to hire her solely due to her disability in violation of the Tennessee Disability Act. *See* Tenn. Code Ann. § 8-50-103(b) ("There shall be no discrimination in the hiring, firing and other terms and conditions of employment of the state of Tennessee or any department, agency, institution or political subdivision of the state, or of any private employer, against any applicant for employment based solely upon any physical, mental or visual disability of the applicant, unless such disability to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved."). Ms. Garner sought damages for "lost wages, lost benefits, future lost wages or front pay," and compensatory damages "for emotional pain and suffering, loss of enjoyment of life, and humiliation and embarrassment, in the amount of $300,000[.]" Ms. Garner also sought an award of attorney fees.

A lengthy and contentious period of discovery ensued, and Ms. Garner's TDA claim successfully withstood a summary judgment motion filed by the Department. The case was finally tried before a jury over the course of five days in early 2023. The jury returned a verdict in favor of Ms. Garner, finding that she did prove by a preponderance of the evidence that the Department intentionally discriminated against her in violation of the TDA by failing to hire her solely because of her disability. However, the jury awarded Ms. Garner only $10,000 in lost wages and $5,000 in compensatory damages. Ms. Garner filed a motion to alter or amend requesting an additur, in which she argued that the jury's damage award was "*de minimis*" and failed to adequately compensate her in light of the fact that she had sought $80,000 in lost wages in addition to her "pain and suffering." However, the trial court denied this and other post-trial motions.

Ms. Garner sought an award of $695,660 in attorney fees for prevailing on her claim pursuant to the TDA. *See* Tenn. Code Ann. §§ 8-50-103, 4-21-306, and 4-21-311(b) (stating that the court "may award to the plaintiff actual damages sustained by such plaintiff, together with the costs of the lawsuit, including a reasonable fee for the plaintiff's attorney of record"). Ms. Garner contended that the requested fee was reasonable when analyzed pursuant to the ten factors the courts have been directed to consider in the Tennessee Rules of Professional Conduct, Tenn. Sup. Ct. R. 8, RPC 1.5. She supported her request for attorney fees with a declaration from her counsel and itemized billing statements showing 1,430.6 hours of time billed at the rate of $450 per hour, in addition to 157.7 hours of time billed at a paralegal rate of $100 per hour. She

also filed four declarations from other local attorneys in support of her request. In her supporting memorandum, Ms. Garner argued that the TDA is the type of statute that is enacted for the purpose of protecting the rights of Tennessee citizens and the public interest, and therefore, any fee award under the TDA is not subject to a proportionality argument in relation to the amount of damages awarded, citing *Smith v. All Nations Church of God*, No. W2019-02184-COA-R3-CV, 2020 WL 6940703, at *10 (Tenn. Ct. App. Nov. 25, 2020), *City of Riverside v. Rivera*, 477 U.S. 561, 576-78 (1986), and *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

The Department filed a response, opposing the request for attorney fees on the basis that it was "on its face" excessive to seek nearly $700,000 in fees for a "straightforward" discrimination case. The Department argued that the number of hours Ms. Garner's counsel billed for the case was excessive as "a matter of common sense and experience" when the issues were not novel or difficult, and it pointed to several examples, such as billing 132.5 hours for drafting her response to the motion for summary judgment. The Department also argued that Ms. Garner had only limited success at trial given the results obtained. According to the Department, "[w]ith [Ms. Garner's] wage loss claim of $80,111 and her demand for $300,000 in compensatory damages in her complaint, [Ms. Garner's] jury award was just 3.9% of the amount that she sought." The Department clarified that it was "not advocating any sort of proportionality argument," but it nevertheless insisted that Ms. Garner's "very limited success" warranted a sizable reduction of her attorney fee under the RPC factors and under *Hensley*. The Department contended that the issue it perceived with regard to Ms. Garner's attorney fee request was "well illustrated" by the following observation in *Smith v. All Nations Church of God*, No. W2021-00846-COA-R3-CV, 2022 WL 4492199, at *8 (Tenn. Ct. App. Sept. 28, 2022) (quoting *In re Jacobs*, 324 B.R. 402, 409 (Bankr. N.D. Ga. 2005)):

> [A] client *may* pursue any available legal remedies and spend whatever it wants in doing so. But in the context of a statute that conditions the shift of that cost to the other side on its reasonableness, the client must establish that it had proper objectives, that its choice of legal remedies was reasonably necessary to accomplish them, and that the expense of doing so was justifiably incurred *in view of the amount involved and the reasonably anticipated results*. A prudent client who must pay its own expenses will engage in a cost-benefit analysis to determine whether the anticipated benefits of pursuing legal remedies are worth the probable cost and will seek less expensive alternatives, if available. The same cost-benefit analysis governs whether legal expenses are reasonable so that they may be shifted to the adversary.

It also cited *Farrah v. Hobby*, 506 U.S. 103, 115 (1992), for the notion that "fee-shifting statutes were never intended to produce windfalls for attorneys." The Department did not

submit any affidavit or proof in support of its response, but it suggested that the entire litigation should not have reasonably taken more than 500 hours, so it proposed that a reasonable attorney fee would be about $213,750. Ms. Garner filed a reply, insisting that her counsel's fee was reasonable when analyzed pursuant to all ten of the relevant factors for consideration. She also argued that the Department's response was "legally and factually defective" without any countervailing affidavits or declarations, and therefore, it should not be considered.

The trial court held a hearing and heard argument from counsel, but no witnesses testified. Upon questioning by the trial judge, Ms. Garner's counsel acknowledged that one particular billing entry for 33.8 hours was a typographical error and should have shown 3.8 hours instead, which meant that $13,500 should be deducted from her fees. Thus, counsel sought an award of $682,160, which she claimed was reasonable. The Department maintained that it was unreasonable to incur nearly $700,000 in attorney fees when Ms. Garner asserted only one claim, sought only $80,000 in lost wages at trial, compensatory damages were capped at $300,000, and the jury awarded only $15,000.

After taking the matter under advisement, the trial court entered an order awarding Ms. Garner attorney fees. After setting forth applicable legal standards, the trial court made the following findings and conclusions in support of its award:

> Plaintiff is requesting attorney's fees in the amount of $682,160 or 45 times the jury award. Plaintiff has submitted detailed billing records prepared by her counsel in representing her in this matter, the litigation of which spanned over three years. The State argues that the fee requested is grossly excessive because the issues are not novel and many of the issues and items pursued by Plaintiff were not successful. While the Court finds that the fees requested are excessive, and is going to modify them with its award, it disagrees that the fees are ***grossly*** excessive.
> There are very few reported cases in which plaintiffs have been successful with claims under the Tennessee Handicap Discrimination Act because of the difficult proof standard. Additionally, the State can be difficult to litigate against for many reasons, including that it is a complex organization. Indeed, the State objected to many of Plaintiff's document requests and some of the requested depositions. Although Plaintiff's discovery efforts were extensive and, at times, excessive, the criticism that the amount of proof presented at trial did not have a relationship to the extent of discovery is not persuasive to the Court. Plaintiff's counsel appropriately made strategic decisions about what to present both through documents and depositions at trial, and that strategy was successful. The Court does not second-guess that decision making and respects counsel's need to determine how best to present her client's case.
> That said, the Court has identified some problems with Plaintiff's

counsel's billing records that merits a reduction in the fee award including excessive time entries for a lawyer with her experience and billing at the rate at which she billed. While the Court appreciates that litigation is time intensive work, the entries commonly show time recorded for at least 14 hours per day. Plaintiff's counsel recorded 126.9 hours of time billed working on the summary judgment response and another 60.5 hours she non-billed, all between September 4 and 26, 2021. That is an average of 8.15 hours every day for 23 days straight. Many filings were overdone and duplicative and resulted in the hours reported being more than is reasonable to require the State to pay given the issues involved and the results achieved. Plaintiff's counsel was billing 8.5 and 8 hours per day in January of 2022 for trial preparation and motions in limine when the trial had already been reset for January 2023 because of her inability to meet the agreed upon pre-trial schedule. Inexplicably, Plaintiff then filed a motion requesting the case be reassigned to another Court to get an earlier trial date. In addition, there was unnecessary activity because of Plaintiff's counsel's failure to follow Court instructions and orders regarding deposition scheduling and trial proceedings. The Court had a special hearing regarding the scheduling of a deposition that Plaintiff's counsel then missed and requested additional hearings and filed additional pleadings that were unnecessary and unreasonably adversarial. Plaintiff sent both discovery requests and a Tennessee Public Records Act request, creating the need for duplicative proceedings that were not necessary and were not successful. Plaintiff's counsel refused to follow the Court's clear instructions about trial proceedings and created unnecessary pre-trial activity. These are examples of actions taken that made litigation of this matter unnecessarily expensive.

This Court is extremely familiar with this case and was intimately involved in the entire proceedings. It held many, many pre-trial hearings to resolve disputes and issues preventing the case from moving forward. Given the considerations discussed herein, including the standard for awarding a reasonable attorney's fee in Tennessee and the Court's knowledge and experience regarding fees and this case, the Court awards Plaintiff 75% of the requested attorney's fee, or $511,620.

The Department timely filed a notice of appeal.

## II.    ISSUES PRESENTED

The only issue presented by the Department on appeal is "[w]hether the trial court abused its discretion in awarding Plaintiff $511,620 in attorney's fees – 34 times the jury award – when the trial court used the wrong legal standard to determine the fee, and when the amount awarded is illogical and objectively unreasonable." In her posture as

appellee, Ms. Garner raises an additional issue regarding whether the Department has waived its arguments on appeal by failing to submit any countervailing evidence in opposition to her request for attorney fees, conceding that its counsel was not knowledgeable about the early stages of the litigation, failing to address applicable Tennessee law in the trial court, and raising new arguments on appeal that were not raised in the trial court.

For the following reasons, we vacate the trial court's award of attorney fees and remand for further proceedings.

### III. STANDARD OF REVIEW

Trial courts have considerable discretion in determining the reasonableness of attorney fees, and we will uphold a trial court's decision absent an abuse of discretion. *Buckley v. Carlock*, 652 S.W.3d 432, 445 (Tenn. Ct. App. 2022). However,

> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

*Cookeville Platinum, LLC v. Satellite M.D., LLC*, No. M2021-00341-COA-R3-CV, 2021 WL 5276846, at *5 (Tenn. Ct. App. Nov. 12, 2021) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010)).

### IV. DISCUSSION

#### A. Waiver

We begin with Ms. Garner's contention that the Department has waived any argument on appeal that the attorney fee awarded by the trial court was unreasonable. Although her argument is a bit difficult to follow, she first cites caselaw to the effect that an issue not properly raised in the trial court cannot be raised for the first time on appeal. Indeed, this Court has held that a party waives the issue of the reasonableness of an opposing party's attorney fee by failing to raise the issue before the trial court. *See, e.g.*, *Baker v. Baker*, No. M2020-00374-COA-R3-CV, 2021 WL 287845, at *6 (Tenn. Ct. App. Jan. 28, 2021) ("Father waived the issue of the reasonableness of Mother's attorney fees by failing to raise the issue before the trial court."); *Burchfield v. Burchfield*, No. M2017-01326-COA-R3-CV, 2019 WL 2185513, at *19 (Tenn. Ct. App. May 21, 2019)

("Father did not object to the fees or request a hearing on the reasonableness of the fees before the trial court. We conclude, therefore, that Father waived this issue and may not raise it on appeal."). Here, however, the Department did raise the issue of reasonableness in the trial court.

Ms. Garner next argues that the Department "has waived any argument that the attorney's fees awarded by the trial court are 'unreasonable' when [the Department] failed to oppose the submitted attorney's fees and time records with any opposing evidence."[1] Ms. Garner contends that she carried her burden in the trial court by filing a detailed declaration from her counsel, in addition to declarations from other attorneys. She also suggests that the Department had plenty of time before the hearing "to obtain actual *evidence* to use to oppose the motion for award of attorney's fees," yet the Department "failed to obtain *any* countervailing affidavits or declarations in opposition to Ms. Garner's submitted attorney's fees." Because the Department filed only a memorandum of law in opposition, Ms. Garner claims that the Department "has waived any arguments on the 'reasonableness' [of] the trial court's award of attorney's fees, and the trial court's fees award must be affirmed." We disagree.

"[T]he burden of proof as to what is a reasonable attorney's fee rests with the party seeking recovery of the fee." *Lexon Ins. Co. v. Windhaven Shores, Inc.*, 601 S.W.3d 332, 342 (Tenn. Ct. App. 2019) (citing *Wilson Mgmt. Co. v. Star Distribs. Co.*, 745 S.W.2d 870, 873 (Tenn. 1988)); *see also In re Est. of Storey*, No. W2017-00689-COA-R3-CV, 2018 WL 1151944, at *8 (Tenn. Ct. App. Mar. 5, 2018) ("One seeking attorney's fees has the burden of proving what constitutes a reasonable fee[.]") (quotation omitted). Thus, the party seeking an award of attorney fees has the burden to make out a prima facie claim for a reasonable amount of fees. *Middendorf v. Middendorf*, No. M2018-00409-COA-R3-CV, 2019 WL 2655779, at *16 (Tenn. Ct. App. June 27, 2019); *Metro. Gov't of Nashville v. Brown*, No. M2008-02495-COA-R3-CV, 2009 WL 5178418, at *8 (Tenn. Ct. App. Dec. 30, 2009). As for the method by which this is accomplished, we have explained:

> In most cases, it is not necessary for the party requesting the attorney's fees to call witnesses to testify to prove the reasonableness of the requested fees; this is because trial courts are capable of applying the relevant factors and deciding whether a requested fee is reasonable based on the court's knowledge of the case and the court's perception of the value of the services performed. Instead of calling witnesses to testify at a hearing or by

---

[1] This section of Ms. Garner's brief also states that two of the attorneys of record for the Department "joined the litigation late in the game" after discovery was concluded and the summary judgment motion was resolved, and she notes that one those attorneys conceded at the hearing on attorney fees that the trial judge was "in a better position" than those attorneys to analyze certain issues relating to the discovery phase of the litigation. However, Ms. Garner does not explain how this would amount to a "waiver" of the Department's arguments on appeal.

deposition, the prevailing party may present the affidavit of the lawyer or lawyers who performed the work. A party opposing the request is to be afforded *a fair opportunity* to cross-examine the requesting party's lawyer and to present proof of its own.

The reasonableness of requested attorney's fees depends on the facts of each case. Reasonableness determinations should be guided by the applicable factors.

*Little v. City of Chattanooga*, No. E2013-00838-COA-R3-CV, 2014 WL 605430, at *5 (Tenn. Ct. App. Feb. 14, 2014) (quoting *Brown*, 2009 WL 5178418 at *8) (emphasis added).

As this passage demonstrates, Tennessee courts have repeatedly stated that the party opposing the fees must be afforded the "opportunity" to present proof of its own. *See id.*; *see also Nutritional Support Servs., Ltd. v. Taylor*, 803 S.W.2d 213, 216 (Tenn. 1991) ("[I]f the trial judge fixes a fee based upon the appropriate guidelines, the opponent of the fee should be accorded full opportunity to cross-examine the proponent and to present evidence on the fee issue."); *In re Est. of Storey*, 2018 WL 1151944, at *8 ("Generally, the proponent may meet its burden by presenting the affidavit of the lawyer who performed the work. The party opposing the fees should then be given the opportunity to rebut that proof.") (quotations omitted); *Sherrod v. Wix*, 849 S.W.2d 780, 785 (Tenn. Ct. App. 1992) ("Trial courts may act upon requests for legal expenses without a fully developed record as long as the party opposing the request has been afforded a fair opportunity to cross-examine the requesting parties' witnesses and to present proof of its own on the issue."). Likewise, in *Deas v. Deas*, 774 S.W.2d 167, 170 (Tenn. 1989), our Supreme Court concluded that a trial judge "acted prudently and appropriately in requiring . . . a separate hearing at which evidence in support of the claimed fees could be adduced subject to *the right* of cross examination and of producing countervailing evidence by the opposing party." (emphasis added). *See also Coleman v. Coleman*, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at *11 (Tenn. Ct. App. Feb. 4, 2015) ("A party requesting attorney's fees carries the burden of establishing a claim for reasonable attorney's fees. . . . A party opposing the fees request *is entitled to* cross-examine the requesting party's witnesses and to present its own proof.") (citations omitted, emphasis added).

In support of her waiver argument, Ms. Garner relies on language from *Kline v. Eyrich*, 69 S.W.3d 197, 210 (Tenn. 2002), insisting that it was incumbent on the Department to request a hearing and present "evidence to rebut the reasonableness" of her fees. She also argues that "the record must contain *some evidence* showing that an award of attorney's fees is *unreasonable* before a reversal of the fees is justified." In *Kline*, however, the parties opposing the fee award did not seek to challenge the reasonableness of the amount of the fee in the trial court. *Id.* In that context, our Supreme Court explained:

- 8 -

[R]eversal of a fee award is not required merely because the record does not contain proof establishing the reasonableness of the fee. *See Kahn v. Kahn*, 756 S.W.2d 685 (Tenn. 1988). We have expressly acknowledged that "a trial judge may fix the fees of lawyers in causes pending or which have been determined by the court, with or without expert testimony of lawyers and with or without a prima facie showing by plaintiffs of what a reasonable fee would be." *Wilson Mgmt. Co. v. Star Distribs. Co.*, 745 S.W.2d 870, 873 (Tenn. 1988). Should a dispute arise as to the reasonableness of the fee awarded, then "in the absence of any proof on the issue of reasonableness, it is *incumbent* upon the [party challenging the fee] to pursue the correction of that error in the trial court by insisting upon a hearing upon that issue." *See id*. (emphasis added).

Although the children in this case disputed that they should pay any of the appellant's attorney's fees from their share of the settlement, they did not seek to challenge the reasonableness of those fees in the event that the award was confirmed. Consequently, the record contains no proof that the trial court abused its discretion awarding the appellant's attorney a one-third contingency fee from their portion of the settlement. By upholding the fee award here, we do not necessarily approve of similar awards in future cases, but we reaffirm the principle that the record must contain some evidence showing that an award of attorneys' fees is unreasonable under the circumstances before a reversal of that fee is warranted.

*Id.* (italics in original, underlining added). Thus, according to *Kline*, "[i]f a trial judge awards attorney's fees without first hearing the moving party's proof on reasonableness, 'it is *incumbent* upon the party challenging the fee [to request a] hearing' on the reasonableness of the fees awarded." *Janoyan v. Janoyan*, No. E2013-01669-COA-R3-CV, 2015 WL 274618, at *5 (Tenn. Ct. App. Jan. 21, 2015) (quoting *Kline*, 69 S.W.3d at 210) (underlining added).

Here, of course, the trial judge *did* consider the moving party's proof (*i.e.*, Ms. Garner's proof) on reasonableness, the Department *did* challenge the reasonableness of the attorney fee award in the trial court, and a hearing *was* held on that very issue. Still, Ms. Garner emphasizes the last sentence of the aforementioned language from *Kline* stating that "the record must contain *some evidence* showing that an award of attorney's fees is *unreasonable*" before a reversal is warranted. *Kline*, 69 S.W.3d at 210 (emphasis in Ms. Garner's brief). She apparently interprets this to mean that there must be some evidence *presented by the opposing party*, as she argues that "[t]he record contains *no* evidence submitted by the [Department] that the attorney's fees awarded are unreasonable." Again, however, she has taken the language from *Kline* out of context. "The language of a decision must be read in the context of the issues and circumstances

of the case."[2] *JPMorgan Chase Bank v. Franklin Nat. Bank*, No. M2005-02088-COA-R3-CV, 2007 WL 2316450, at *6 (Tenn. Ct. App. Aug. 13, 2007). Contrary to Ms. Garner's position, this Court has stated that "having been given an opportunity to oppose fees, the party opposing fees must *point to* evidence that the fees are unreasonable to justify reversal." *In re Est. of Storey*, 2018 WL 1151944, at *11 (citing *Eberbach v. Eberbach*, No. M2013-02852-COA-R3-CV, 2014 WL 7366904, at *6 (Tenn. Ct. App. Dec. 23, 2014)) (emphasis added).

On appeal, the Department contends that Ms. Garner had the burden of proof regarding her attorney's fees, so the Department was "not required to put on any evidence at all." According to the Department, it was sufficient for it to *challenge* the evidence submitted by Ms. Garner. The Department relies on *Connors v. Connors*, 594 S.W.2d 672, 673 (Tenn. 1980), in which the Tennessee Supreme Court considered whether an attorney fee award of $20,000 was reasonable. The trial court had held a hearing to determine a reasonable attorney fee. *Id.* at 673. In affirming the fee award, the Court of Appeals had noted that the fee awarded was supported by the affidavits of two experienced attorneys and that there was "no countervailing testimony from any source as to what might be considered a reasonable fee." *Id.* at 676. However, the Supreme Court stated that it "rejected the implication in the Court of Appeals' opinion that the absence of 'countervailing' testimony or affidavits in any wise obligates the trial court to accept such opinion evidence or diminishes its responsibility to exercise its own judgment and ascertain what sum is a reasonable fee, determined by application of all relevant factors." *Id.* The Supreme Court proceeded to analyze the applicable factors and ultimately concluded that the fee awarded was excessive. *Id.*

Similarly, in *Williams v. Evans*, No. 03A01-9511-CV-00400, 1996 WL 87439, at *1 (Tenn. Ct. App. Mar. 1, 1996), this Court noted that the appellee "filed no countervailing affidavits" and "offered no contrary evidence," but "[t]his is not to say that the trial judge was bound by the affidavit of the appellant's attorney as to the issue of the

---

[2] This Court rejected a similar argument in *Taylor v. T&N Office Equipment, Inc.*, No. 01A01-9609-CV-00411, 1997 WL 272444 (Tenn. Ct. App. May 23, 1997). In that case, the trial court awarded attorney fees to successful plaintiffs after a hearing, and the defendants challenged the reasonableness of the fee on appeal. *Id.* at *1. The plaintiffs then cited caselaw "for the proposition that the trial court may set attorney's fees even in the absence of both expert testimony and a prima facie showing of what constitutes a reasonable fee," and they argued that the defendants who opposed the fee award "failed to meet their obligation to insist upon a hearing on the issue of reasonable fees." *Id.* at *5. We found this reliance "misplaced." *Id.* We explained that "[t]he relied-upon language . . . addresses those situations where a trial court awards attorney's fees without conducting *any* hearing on the issue." *Id.* However, in *Taylor*, "there was a hearing at which the question of attorney's fees was addressed." *Id.* Thus, we reiterated that "[t]he burden of proof as to what constitutes a reasonable attorney's fee rests on the party seeking fees." *Id.* at *4. Once "the [plaintiffs] carried their burden of proving their entitlement to attorney fees," it "then became the duty of the trial court to adjudicate the issue of a *reasonable* attorney's fee, and the duty of the [plaintiffs] to present sufficient proof to enable the court to make that determination." *Id.*

reasonableness of the fee requested." "Quite the contrary," we explained, "the trial judge is obviously bound to determine the reasonableness of the requested fee." *Id.* Thus, Tennessee courts have consistently recognized that the burden of proof is on the party seeking the fee, not the party opposing it. *See, e.g.*, *Coleman v. Coleman*, No. W2012-02183-COA-R3-CV, 2013 WL 5308013, at *18 (Tenn. Ct. App. Sept. 19, 2013) ("Based on our review of the record, we reject Wife's argument that the trial court erroneously shifted the burden of proof to her to show that ShawnCoulson's fees are unreasonable. The record shows that the trial court required ShawnCoulson to prove that its fees are reasonable, and that ShawnCoulson sustained this burden of proof."); *Fed. Land Bank of Louisville v. Cloar*, No. 3, 1989 WL 155933, at *3 (Tenn. Ct. App. Dec. 28, 1989) ("Appellee claimed that it incurred $3,536.81 in legal expenses. The trial court specifically placed the burden on appellants to prove that such an amount was unreasonable or unnecessary. We find that the burden was improperly placed. The Tennessee Supreme Court has stated that, '[o]bviously the burden of proof on the question of what is a reasonable fee in any case is upon the plaintiff.'") (quoting *Wilson Mgmt. Co.*, 745 S.W.2d at 873); *Adams v. Mellen*, 618 S.W.2d 485, 490 (Tenn. Ct. App. 1981) ("The burden of establishing the reasonable fee is upon the party claiming it[.]"). Our courts have also recognized that "'[i]n determining the reasonableness of attorneys' fees, the opinion testimony of other lawyers is 'advisory only.'" *Robinson v. City of Clarksville*, 673 S.W.3d 556, 591 (Tenn. Ct. App. 2023) (quoting *Wilson Mgmt.* Co., 745 S.W.2d at 873).

Finally, we note that Tennessee appellate courts have considered the reasonableness of attorney fee awards on appeal even where the party opposing the fee award elected not to present proof at the hearing in the trial court. For instance, in *Nutritional Support Servs., Ltd. v. Taylor*, 803 S.W.2d 213, 214 (Tenn. 1991), the party opposing the fee award "filed a six page 'Memorandum of Law' in opposition to" the motion for attorney fees containing counsel's opinions as to why the fee sought was excessive. On appeal, the party opposing the fee complained that the party seeking fees should have presented a more detailed explanation of how the hours were expended. *Id.* at 215. Our supreme court explained that the opponent had "elected to rely on his brief" at the hearing, and "obviously the trial judge felt that having presided over the trial of the case and having the benefit of [counsel's] affidavit, *and opposing counsel's brief in opposition*, and the oral arguments of counsel, he was in a position to properly apply the *Connors* factors and award a reasonable fee without proof or opinion of other lawyers." *Id.* at 216 (emphasis added). Thus, the Court explained that the party opposing the fee had failed to show that the trial court made the fee award upon inadequate proof by the proponent or was denied the opportunity to offer proof in opposition to the fee. *Id.* Still, the Court went on to consider the other arguments raised on appeal and concluded that the trial judge properly considered the appropriate factors and awarded a reasonable fee. *Id.* at 217. *See also Hosier v. Crye-Leike Com., Inc.*, No. M2000-01182-COA-R3-CV, 2001 WL 799740, at *7 (Tenn. Ct. App. July 17, 2001) (explaining that the party seeking fees presented sufficient evidence to enable the court to calculate a reasonable fee, which

required the opponent "to demonstrate how the requested fee was unreasonable," the opponent "put on no such evidence and simply relied on its lawyer's rather strident complaints about the amount of the fee," and yet the appellate court proceeded to consider whether the fee was reasonable in light of the applicable factors).[3]

In sum, we find no support for Ms. Garner's contention that the Department waived any argument on appeal regarding the reasonableness of the attorney fee award when the Department failed to submit opposing proof in the trial court.

### B.    Standards for Determining Reasonableness

We now turn to the issues regarding the reasonableness of the fee award. The Department does not dispute that Ms. Garner is entitled to a "reasonable" attorney fee for prevailing on her TDA claim. Rather, the Department argues that the trial court abused its discretion by using "the wrong legal standard" to determine the amount of the fee, resulting in an illogical and unreasonable fee. Thus, we begin with a review of the legal standards that guide such determinations.

"Rule of Professional Conduct 1.5 sets forth the 'correct legal standard' when assessing the reasonableness of a cost and fee request." *Donovan v. Hastings*, 652 S.W.3d 1, 9 n.13 (Tenn. 2022). The Rule provides:

> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

---

[3] We acknowledge that the *Hosier* court stated that the evidence submitted by the party seeking fees was "sufficient to shift the burden of going forward to Crye-Leike to demonstrate how the requested fee was unreasonable." *Hosier*, 2001 WL 799740, at *7. Notably, however, this language only suggested an obligation to "demonstrate" how the fee was unreasonable. In fact, the Court went on to note that "Crye-Leike put on no such evidence and simply relied on its lawyer's rather strident complaints about the amount of the fee," but the party seeking fees had "presented sufficient evidence to enable the trial court to calculate and award a reasonable attorney's fee," so this Court reviewed its reasonableness on appeal. *Id.* The opposing party's failure to present any evidence was not fatal.

This language from *Hosier* was later cited before a federal district court "for the proposition that, once the party moving for fees has made a prima facie showing of their reasonableness, the burden shifts 'to the opposition to demonstrate how such fees are unreasonable.'" *Kryder v. Rogers*, No. 1:13-CV-00048, 2019 WL 13160805, at *4 n.3 (M.D. Tenn. Mar. 29, 2019). The district court stated that it was "aware of no published Tennessee case applying such a burden-shifting framework and declines to adopt it here." *Id.*

- 12 -

(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent;
(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
(10) whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, RPC 1.5. According to the Tennessee Supreme Court,

> In terms of procedure, the trial court should develop an evidentiary record, make findings concerning each of the factors, and then determine a reasonable fee that "depend[s] upon the particular circumstances of the individual case." *White* [*v. McBride*, 937 S.W.2d 796, 800 (Tenn. 1996)]. To enable appellate review, trial courts should clearly and thoroughly explain the particular circumstances and factors supporting their determination of a reasonable fee in a given case. See *Hoffert* [*v. Gen. Motors Corp.*, 656 F.2d 161, 166 (5th Cir. Unit A Sept.1981)] (finding no abuse of discretion in fee award to attorney representing minor tort victim where trial court considered each of the DR 2-106 factors and provided factual findings, "fully supported by the record," that were "sufficiently detailed to permit appellate review"); *Ex parte Peck*, 572 So.2d [427, 429 (Ala. 1990)] ("A reviewing court must be able to ascertain from the record what factors the trial court considered in awarding the attorney fee.").

*Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 185-86 (Tenn. 2011). "This Court previously has remanded cases for reconsideration when a trial court has not followed this prescribed procedure." *Thomas v. Smith*, 682 S.W.3d 213, 232 (Tenn. Ct. App. 2023); *see, e.g.*, *Ferguson Harbour Inc. v. Flash Mkt., Inc.*, 124 S.W.3d 541, 552 (Tenn. Ct. App. 2003) (remanding because the trial court made "no specific findings as to the factors which justify this amount in fees" and therefore "the trial court did not use the proper standard in determining the award of attorney's fees"); *Cordova ex rel. Alfredo C. v. Nashville Ready Mix, Inc.*, No. M2018-02002-COA-R3-CV, 2020 WL 2534322, at *11 (Tenn. Ct. App. May 19, 2020) (vacating a fee award where "consideration of the relevant factors in Tennessee Rule of Professional Conduct 1.5(a) was required" but the record revealed that "only one factor was considered . . . which constitutes an error of law"); *State ex rel. Hockett v. Joy*, No. M2018-02004-COA-R3-JV, 2019 WL 5618774, at *5-6 (Tenn. Ct. App. Oct. 31, 2019) (vacating a fee award of one-half of the requested fees where we were "unable to ascertain whether the trial court actually evaluated the fee to determine whether it was reasonable in light of the appropriate factors identified in

- 13 -

Sup. Ct. R. 8, RPC 1.[5]").

Here, the trial court's order included a two-page section entitled "Legal Analysis" that contained a block quote with the ten factors for consideration in RPC 1.5. However, the next section, with the trial court's findings and conclusions, did not expressly mention *any* of the ten factors, nor was there any clear attempt to apply the factors to the circumstances of this case. If we attempt to "match" the trial court's findings and conclusions with the relevant factors, they appear to relate almost exclusively to the first factor for consideration, which is "the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly." Tenn. Sup. Ct. R. 8, RPC 1.5(a)(1). The court noted that the litigation took three years, that there are few reported cases involving successful TDA claims because of its difficult proof standard, and that the State can be "difficult to litigate against for many reasons." However, the trial court found "problems with Plaintiff's counsel's billing records" that warranted a reduction in the fee, including "excessive time entries for a lawyer with her experience and billing at the rate at which she billed." The court listed many "examples of actions [by Ms. Garner's counsel] that made litigation unnecessarily expensive." A few of these examples related to specific billing entries, such as spending 126.9 hours responding to the motion for summary judgment, while others were very general, referencing, for example, "unnecessary activity because of Plaintiff's counsel's failure to follow Court instructions and orders regarding deposition scheduling and trial proceedings" and counsel's "[refusal] to follow the Court's clear instructions about trial proceedings [that] created unnecessary pre-trial activity." Some of these findings are so vague that it is impossible to know how they would have or should have impacted the trial court's fee award. Ultimately, the trial court simply reduced the overall fee by 25 percent, resulting in an award of $511,620. The Department argues on appeal that this flat reduction amount was "arbitrary" and that the reduction should have been far greater given the examples of excessive billing cited by the trial judge. The Department's brief on appeal attempts to "follow[] the logic of the trial court" and assign a dollar amount to each of the billing "problems" identified by the trial court, and the Department suggests that the total of these would exceed the 25 percent reduction the trial court utilized. In response, Ms. Garner disputes the Department's interpretation of the trial court's order and claims that the Department is mistaken as to which entries the trial court was referencing. Without further explanation *by the trial court*, however, we are unable to conduct a meaningful review of the trial court's decision in order to determine whether the reduction of 25 percent was reasonable or arbitrary. "While the determination of the amount of an attorney's fee need not be done with precision, the record must give an appellate court some basis for review, to ascertain if it is an abuse of discretion." *Flowers v. Hasenmueller*, No. W2005-00038-COA-R3-CV, 2006 WL 1543019, at *10 (Tenn. Ct. App. June 7, 2006). If we are unable to do so, "we are left with little choice but to vacate the trial court's award of attorney's fees and remand . . . to the trial court for its determination of the proper amount in a manner which apprises the appellate court of the basis for the award, sufficient to determine if the award was an abuse of discretion."

*Id.*

The trial court included minimal findings that would relate to factor four, which is "the amount involved and the results obtained." Tenn. Sup. Ct. R. 8, RPC 1.5(a)(4). In the introductory paragraph of its order, when stating that Ms. Garner was the prevailing party at trial and entitled to attorney fees, the trial court noted that the jury verdict was for $15,000, which included $10,000 in lost wages and $5,000 in compensatory damages. In the section containing its findings and conclusions, it simply recited that Ms. Garner was "requesting attorney's fees in the amount of $682,160 or 45 times the jury award." It also vaguely stated that "many [of counsel's] filings were overdone and duplicative and resulted in the hours reported being more than is reasonable to require the State to pay *given the issues involved and the results achieved.*" (emphasis added). Notably, even here, the trial court was discussing hours that resulted from specific filings and did not state that the ultimate award of $511,620 was reasonable given the amount involved and results obtained. We also note that the trial court never mentioned the proportionality issue raised by the parties' briefing. At oral argument on appeal, Ms. Garner suggested that the trial court was not required to consider RPC factor four because it is "not applicable to civil rights cases," as it is essentially "a statement" of the proportionality rule. Again, however, without any mention of the proportionality rule in the trial court's order, we are left to wonder whether the trial court applied the same reasoning or simply made minimal findings relevant to this factor.

Aside from an isolated reference to "excessive time entries for a lawyer with her experience," the remaining eight factors were not analyzed in the trial court's findings. *See* RPC 1.5 ("(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; . . . (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent; (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and (10) whether the fee agreement is in writing."). Overall, then, the trial court made findings relating almost exclusively to factor one, with some of those being so vague that we cannot meaningfully review the trial court's decision, and minimal findings relating to factor four.

A similar situation occurred in *Keen v. Ingles Markets, Inc.*, No. E2018-00306-SC-R3-WC, 2019 WL 2210683 (Tenn. Workers Comp. Panel May 14, 2019), an opinion by the Special Workers' Compensation Appeals Panel, which was adopted by the Supreme Court. The chancery court had awarded the employee attorney fees but in a lesser amount than requested. *Id.* at *1. On appeal, the employee contended that "the chancery court erred in awarding attorney fees by failing to make findings based on the factors in Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5(a)." *Id.*

During its oral ruling from the bench, the chancellor stated that she had "carefully looked at the ten factors" but she "made no findings about each of the factors." *Id.* at *3. Instead, she observed that the attorney had done an excellent job for his client and was a person of fine reputation then announced that a reasonable fee for counsel in a Campbell County workers' compensation case was $200 per hour. *Id.* The Supreme Court, adopting the findings and conclusions of the Appeals Panel, deemed this insufficient, with the following explanation:

> In making an award of attorney fees, a trial court should develop an evidentiary record and clearly and thoroughly explain its findings concerning each of the factors and the particular circumstances supporting its determination of a reasonable fee in each case. *Wright*, 337 S.W.3d at 185-86 (citing *White v. McBride*, 937 S.W.2d 796, 800 (Tenn. 1996); *Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 166 (5th Cir. 1981); *Ex parte Peck*, 572 So. 2d 427, 429 (Ala. 1990)). Here, the chancery court had an evidentiary hearing, but failed to make the required findings about the RPC 1.5(a) factors. *See Wright*, 337 S.W.3d at 185-86. It is insufficient for a trial court merely to allude to the factors. The chancery court did not explain or discuss either in its oral ruling or in its written order factors one, two, four, five, six, eight, or nine. Thus, this Court cannot give deference to the chancery court's decision as required by the abuse of discretion standard of review. *See First Peoples Bank of Tenn. v. Hill*, 340 S.W.3d 398, 410 (Tenn. Ct. App. 2010). Therefore, we must vacate the attorney fee award and remand the case for the chancery court to apply the factors and determine a reasonable attorney fee under the facts and circumstances of this case. *See Rivera v. Westgate Resorts, Ltd., L.P.*, No. E2017-01113-COA-R3-CV, 2018 WL 1989620, at *5 (Tenn. Ct. App. Apr. 27, 2018) (quoting *Ferguson Harbour, Inc. v. Flash Mkt., Inc.*, 124 S.W.3d 541, 553 (Tenn. Ct. App. 2003)); *Pintaure v. Farmer*, No. E2017-01940-COA-R3-CV, 2018 WL 5962811, at *3 (Tenn. Ct. App. Nov. 14, 2018) (quoting *First Peoples Bank*, 340 S.W.3d at 410).

*Id.* at *4. Specifically, the case was remanded for the chancery court "to determine the appropriate attorney fee award under the ten factors in RPC 1.5(a)." *Id.* at *5.

Similarly, in *Gebremedhin v. New Day Auto Sales, Inc.*, No. M2014-01803-COA-R3-CV, 2015 WL 3563045, at *1 (Tenn. Ct. App. June 8, 2015), this Court vacated an award of attorney fees, explaining that we could not properly perform our review function because the trial court did not state the factual or legal basis for the award. The plaintiff had obtained a jury verdict on a TCPA claim and common law claims for roughly $6,000 and sought attorney fees of over $70,000. *Id.* The trial court awarded only $10,000, explaining that it was an important case but "we are dealing with a small business" and there were "some excessive fees" considering the time spent on research

and the fact that two attorneys were involved. *Id.* at *3. We explained,

> Unfortunately, neither the oral ruling nor the order addresses the factors that the court considered or the facts found which support an award of $10,000.00. The purpose of the court in articulating its factual and legal basis is to ensure that the court did not act arbitrarily, but made a "conscientious judgment." *See Flautt & Mann* [*v. Council of Memphis*, 285 S.W.3d 856, 872 (Tenn. Ct. App. 2008)] (quoting *Jenkins v. State*, 496 S.W.2d 521, 523 (Tenn. Crim. App. 1973)). Absent an understanding of the factual and legal basis for the decision, we are unable to determine whether the court abused its discretion. Consequently, we find it necessary to vacate the judgment and remand the case for reconsideration of the award and entry of an order setting forth the legal and factual basis of the amount to be awarded.

*Id.* We declined the invitation to make an award of fees based on the record because "our function is to review the decision of the trial court." *Id.*

Likewise, in *Southwind Residential Properties Association, Inc. v. Ford*, No. W2016-01169-COA-R3-CV, 2017 WL 991108, at *13 (Tenn. Ct. App. Mar. 14, 2017), an appellant argued that the trial court failed to consider the ten factors set forth in RPC 1.5 when awarding over $60,000 in attorney fees, even though the trial court "did make some findings that are relevant to the attorney's fees award, including the long duration of the dispute between the parties and the parties' relative sophistication." The appellee argued that "these findings, coupled with [the appellant's] contumacious conduct throughout the proceedings, justify the award in this case." *Id.* We respectfully disagreed. *Id.* The trial court's ruling made "no mention of many of the factors outlined under Rule 1.5." *Id.* For instance, although the order did state that the court was "aware" of the "amount involved," it "provide[d] no specific explanation for the large attorney's fee award relative to the small recovery[.]" *Id.* Additionally, it made no finding as to the fee customarily charged in the locality and failed to even state that its ultimate award was reasonable. *Id.* Because the trial court's ruling provided "no illumination as to whether it considered the reasonableness of the requested fee in light of the factors outlined in Rule 1.5," we vacated and remanded with instructions to consider the reasonableness of the fee awarded under the circumstances of the case and the applicable factors. *Id.*

Finally, we note this Court's decision to vacate a fee award in *Smith v. All Nations Church of God*, No. W2019-02184-COA-R3-CV, 2020 WL 6940703 (Tenn. Ct. App. Nov. 25, 2020), which shares some similarities with the case at bar. In that case, an employee sued her former employer for retaliatory discharge and discrimination, seeking back pay, front pay, and other compensatory damages of at least $100,000 and punitive damages of at least $500,000. *Id.* at *1. A jury returned a verdict for the plaintiff on the retaliatory discharge claim, but it awarded only $2,500 for lost wages, $500 in emotional

damages, and $12,500 in punitive damages. *Id.* at *3. The employee then sought an award of over $107,000 in attorney fees under the applicable statutes. *Id.* The employer argued that $10,000 was a reasonable sum. *Id.* However, the employee likened her claim to a civil rights action and argued that she should not be deprived of her fees simply because she was a low wage earner entitled to a small amount of compensation. *Id.* at *4. Ultimately, the trial court found the request excessive and awarded attorney fees of only $12,500. *Id.* The trial court noted the amount of damages awarded by the jury and that the jury did not find in favor of the plaintiff on her alternative claim for relief. *Id.* Additionally, it found that counsel's hourly rate was "not in line" with the hourly rates of local attorneys. *Id.*

On appeal, we noted that there is no fixed mathematical rule for determining a reasonable fee, and therefore, appellate courts normally defer to a trial court's award of attorney fees unless there is a showing of an abuse of discretion. *Id.* at *5 (citing *Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002)). We also recognized that "the trial court considered at least some of the factors contained in RPC 1.5." *Id.* at *6. "Still," the appellant argued that the trial court "focused nearly exclusively on a single factor," "gave only minimal consideration to three factors," and "ignored" the rest. *Id.* Although we could not fault the trial judge for failing to make express findings regarding some of the factors given the lack of proof in the record, *id.* at *6, for others, the trial court's analysis was found lacking:

> [T]he trial court did not indicate what it believed to be the proper market rate for the representation in this case. The trial court's failure to provide this Court with any indication of the market rate of the locality hinders our appellate review, as we have no way to evaluate how the trial court reached the figure it chose for the ultimate award of attorney's fees. If All Nations had provided some support for its assertion of the proper rate in the locality, perhaps we could "fill in the blanks" to exercise appropriate appellate review and afford the trial court appropriate deference. In this case, however, there was no proof presented of the appropriate rate in the locality and no determination by the trial court of the appropriate rate. Thus, in order to review this case, we would simply be guessing at how the trial court reached its decision. Applying the necessary presumption of correctness based on mere assumptions and guesswork is simply not appropriate. *Cf. Hadjopoulos v. Sponcia*, No. E2015-00793-COA-R3-CV, 2016 WL 1728250, at *4 (Tenn. Ct. App. Apr. 28, 2016) ("[W]e are left to guess or assume in order to conduct appellate review. We decline to do so."); *Friendship Water Co. v. City of Friendship*, No. W2019-02039-COA-R9-CV, 2020 WL 4919796, at *4 (Tenn. Ct. App. Aug. 21, 2020) ("As it is, the trial court's order does not provide a satisfactory explanation as to why the court concluded that the parties' contract was legally valid. Accordingly, this largely leaves this Court in an untenable position to

speculate."). Nor does an order that requires us to guess as to the reasoning employed comply with the Tennessee Supreme Court's guidance in this area. *See Wright*, 337 S.W.3d at 185-86.

Given the trial court's heavy reliance on this factor, without some indication of the hourly rate that should be applied, or at least an approximation of the amount of hours that were necessary to prosecute Appellant's claims, the ultimate award chosen by the trial court appears no more than an arbitrary reduction to reflect the amount of punitive damages awarded. A decision that is arbitrary may constitute an abuse of discretion. *See Carothers v. Giles Cty.*, 162 Tenn. 492, 39 S.W.2d 584, 586 (Tenn. 1931) (quoting *Scott v. Marley*, 124 Tenn. 388, 137 S.W. 492, 493 (Tenn. 1911)) ("In the first place, the discretion which is conferred on the judge is a judicial discretion, and is not an arbitrary, vague, or fanciful discretion, but is a legal and regular power or discretion, the abuse of which by the judge is subject to review by writ of error or by appeal."); *Martin v. Franklin Cool Springs Corp.*, No. M2014-01804-COA-R3-CV, 2015 WL 7062124, at *4 (Tenn. Ct. App. Nov. 10, 2015) (citing *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008) ("An abuse of discretion occurs when the decision of the lower court has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable."). Other courts have applied this rule when the trial court arbitrarily reduces a requested fee. *See Hansen v. Moore*, No. G025047, 2002 WL 1019078, at *4 (Cal. Ct. App. May 21, 2002) (holding that the trial court abused its discretion in arbitrarily reducing the amount of attorney's fees requested). *But see Elgohary v. Lakes on Eldridge N. Cmty. Ass'n, Inc.*, No. 01-14-00216-CV, 2016 WL 4374918, at *13 (Tex. App. Aug. 16, 2016) (affirming the amount of attorney's fees awarded even after the trial court characterized its own reduction as "completely arbitrary"). In fact, this Court has previously held that a trial court abused its discretion when it reduced the hours incurred by an attorney without "point[ing] out which of the hours on the detailed bills before him were out-of-line" or explaining "how many hours would have been reasonable under the circumstances of this suit." *Lowe*, [*v. Johnson Cty.*, No. 03A01-9309-CH-00321, 1995 WL 306166, at *5 (Tenn. Ct. App. May 19, 1995)]. This failure along with others resulted in the trial court's decision being reversed. *Id.* at *5-6.

*Id.* at *8-9. We also noted that a proportionality argument had been raised in the trial court, yet the court failed to address the argument "in any fashion." *Id.* at *12. We ultimately concluded that "the trial court's ruling leaves us with more questions than it answers." *Id.* Its findings regarding "the excessiveness of both the hours incurred and the hourly rate in the locality [were] so vague as to be practically nugatory for purposes of appellate review." *Id.* Moreover, the "bulk" of its ruling seemed to focus solely on one factor. *Id.* We explained that "the Tennessee Supreme Court has generally cautioned

against reliance on a single factor in determining a reasonable attorney's fee under the circumstances." *Id.* (citing *Wright*, 337 S.W.3d at 180). All of the deficiencies in the order, coupled with the trial court's decision to "identically mimic" the punitive damage award, undermined any suggestion that the fee award "was actually the product of a careful weighing of all of the factors." *Id.* Thus, "[i]n the absence of more specific findings by the trial court to support such a drastic reduction in fees," we concluded that it failed to "'clearly and thoroughly explain the particular circumstances and factors supporting [its] determination of a reasonable fee.'" *Id.* (quoting *Wright*, 337 S.W.3d at 186). Remanding would also "give the trial court an opportunity to expressly rule on Appellant's arguments concerning proportionality in conjunction with its consideration of the other applicable factors." *Id.* at *13. We noted that the Tennessee Supreme Court has emphasized "the high duty of trial courts to exercise their independent judgment in deciding the cases before them," so "the more modern remedy for deficiencies in the trial court's explanation for its ruling is to vacate the ruling and remand to the trial court for the entry of a more illuminating order," especially in cases in which we are reviewing a trial court's decision for abuse of discretion. *Id.*

In sum, in order to enable appellate review of a decision to award attorney's fees, the trial court has a duty to "clearly and thoroughly explain" the particular circumstances and factors supporting its determination of a reasonable fee in a given case.[4] *Steinberg v. Steinberg*, No. W2020-01149-COA-R3-CV, 2022 WL 4078519, at *6 (Tenn. Ct. App. Sept. 6, 2022) (quoting *Wright*, 337 S.W.3d at 185-86). The law does not favor "guesswork when it comes to decisions involving attorney's fees." *Id.* at *7. "While there is no obligation to conduct an explicit discussion of each factor, courts generally must do more than just cursorily mention each factor without providing a factual basis for its decision." *Smith*, 2022 WL 4492199, at *4 (citing *Grissom v. Grissom*, 586 S.W.3d 387, 399 (Tenn. Ct. App. 2019)). Where "there is nothing in the record to indicate that the trial court actually evaluated the amount of the fee to see if it is reasonable in light of the appropriate factors, the correct approach is to vacate the award and 'remand [the] case to the trial court for a new determination of an attorney's fee award'" under the applicable factors and caselaw. *First Peoples Bank of Tenn.*, 340 S.W.3d at 410 (quoting

---

[4] We note that Ms. Garner also argued in her brief that the Department "waived its arguments on appeal that the trial court did not use the 'correct standard' in determining its discretionary award of attorney's fees" because the Department "failed to argue the applicable standard." She noted that the Department's response to her motion for an award of attorney fees suggested that only three of the ten RPC factors were "pertinent to deciding Plaintiff's motion for attorney's fees," including factor one (time and labor required and novelty and difficult of questions involved), factor three (fee customarily charged in the locality), and factor four (amount involved and results obtained), rather than analyzing all ten. However, Ms. Garner does not cite to any legal authority in this section of her brief, so it is waived. *See Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."). In any event, however, we conclude that the Department sufficiently argued the "correct legal standard" in the trial court such that it is not raising a new argument on appeal.

*Ferguson Harbour*, 124 S.W.3d at 553).

Because it does not appear that the trial court actually evaluated the amount of the fee in light of the appropriate factors, and the findings it made do not permit us to conduct a meaningful review of its decision, we vacate and remand for a new determination under the applicable factors and caselaw.[5] We reiterate that "'[d]iscretionary choices are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *In re Noah J.*, No. W2014-01778-COA-R3-JV, 2015 WL 1332665, at *5 (Tenn. Ct. App. Mar. 23, 2015) (quoting *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)). "Thus, an abuse of discretion will be found 'when the trial court . . . fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination." *Id.* Particularly in this case, where the trial court awarded over $500,000 in attorney fees, "it is not too heavy a burden to require the trial court to consider each relevant factor in a manner that affords meaningful appellate review." *Cf. Adams v. Illinois Cent. R.R. Co.*, No. W2020-01290-COA-R3-CV, 2022 WL 170134, at *13 (Tenn. Ct. App. Jan. 19, 2022) (observing the same in the context of imposing a harsh discovery sanction).

## V. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is hereby vacated and remanded. All other issues are pretermitted. Costs of this appeal are taxed to the appellee, Stephanie Garner, for which execution may issue if necessary.

---

[5] As a final note, we point out that the trial court's order quoted federal cases regarding the burden placed on a party who opposes an award of attorney fees. The order states:

> Tennessee law requires that a party opposing the dollar amount of attorneys' fees specify why such an award, based on the specific facts of this case and billing record, is excessive. Generalized statements disagreeing with an award of attorneys' fees are not enough. *See, e.g.*, *Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. CIV. 09-00429 ACK, 2012 WL 1982433, at *4 (D. Haw. May 31, 2012) ("[T]he party opposing a motion for attorneys' fees bears a burden in opposing these fees as well."); *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the [trial] court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." (citing *Blum*, 465 U.S. at 892 n.5 (1984) (citations omitted)).

Due to the lack of findings thereafter, it is not clear from the order if or how the trial court may have applied these standards to its ultimate award. However, to the extent that the trial court found the Department had a burden of rebuttal that required the submission of evidence in response to the motion for attorney fees, we conclude that this was an incorrect legal standard for the same reasons discussed above in the section regarding waiver.

_____
CARMA DENNIS MCGEE, JUDGE